RALEIGH COUNTY BANK

*v.*

EDGAR B. SIMS, *Auditor of the State of West Virginia*

(No. 10487)

Submitted September 3, 1952. Decided December 9, 1952.

*Ashworth & Sanders* and *Carl C. Sanders,* for relator.

*John G. Fox,* Attorney General, *W. Bryan Spillers* and *Thomas J. Gillooly,* Assistant Attorneys General, for respondent.

GIVEN, JUDGE:

Petitioner, Raleigh County Bank, in its petition in mandamus, prays that a peremptory writ be awarded by this Court requiring defendant, Edgar B. Sims, Auditor of the State of West Virginia, to issue a warrant on the

Treasurer of the State for payment of the sum of $472.83. The Court of Claims found the State to be morally liable to defendant for that sum and recommended payment thereof to the Legislature. The Legislature adopted the finding of the Court of Claims, declared it to be "the moral obligation of the State to pay the said claim of Raleigh County Bank in the amount of four hundred seventy-two and eighty-three one hundredths dollars," made an appropriation for the payment of the claim, and directed defendant "to issue a warrant for the payment thereof." See Chapters 8 and 23, Acts of the Legislature, 1951. Defendant has refused to issue the warrant.

Petitioner's claim is based upon overpayment of its business and occupation taxes for the years 1941, 1942 and 1943. The amount of the overpayment is not in dispute. Errors in the computation of taxes for the years mentioned resulted from the failure of petitioner to claim the exemption allowed by Code, 11-13-3, as amended, relating to the banking house or building in which the business of the bank is transacted.

This proceeding is disposed of upon the demurrer of defendant to the petition. The demurrer sets out the grounds thereof as follows:

"1. Chapter 23, and Chapter 8, Section 4, Acts of the Fiftieth Legislature of West Virginia, Regular Session, 1951, so far as they pertain to the claim of petitioner, are unconstitutional and void because they are special acts releasing taxes for which the Legislature is expressly forbidden to enact by the provisions of Article VI, Section 39, of The Constitution of West Virginia.

"2. Chapter 23, and Chapter 8, Section 4, Acts of the Fiftieth Legislature of West Virginia, Regular Session, 1951, so far as they pertain to the claim of petitioner, are unconstitutional and void because they are special acts passed to apply to a situation to which a general act might be applied and wherein a general act would be proper, and are thus expressly prohibited by the pro-

visions of Article VI, Section 39 of The Constitution of West Virginia.

"3. Chapter 23, and Chapter 8, Section 4, Acts of the Fiftieth Legislature of West Virginia, Regular Session, 1951, so far as they pertain to the claim of petitioner, are unconstitutional and void because the credit of the State in aid of a corporation is thereby granted in contravention of the provisions of Article X, Section 6 of the Constitution of West Virginia.

"4. Chapter 23, and Chapter 8, Section 4, Acts of the Fiftieth Legislature of West Virginia, Regular Session, 1951, so far as they pertain to the claim of petitioner, are unconstitutional and void because they contravene the express requirement that taxation must be equal and uniform, prescribed by Article X, Section 1 of The Constitution of West Virginia.

"5. Chapter 23, and Chapter 8, Section 4, Acts of the Fiftieth Legislature of West Virginia, Regular Session, 1951, so far as they pertain to the claim of petitioner, are unconstitutional and void because they are special acts which by granting public monies to the petitioner corporation, deprive the people of the State of West Virginia of property without due process of law in contravention of Article III, Section 10 of The Constitution of West Virginia, and the Fourteenth Amendment to the Constitution of the United States of America.

"6. Petitioner failed to avail itself of the administrative remedy for refund of the taxes overpaid within the time and in the manner provided therefor by Section 1, Chapter 11 of the Official Code of West Virginia of 1931, as amended.

"7. The petition on its face shows that there is no obligation of the State of West Virginia to petitioner and that petitioner's claim is without merit.

"8. For these and other errors upon the face of the said petition which to the Court will appear."

Except as to questions raised by Point 6 of the demurrer,

this Court has sufficiently, in a long line of decisions, answered all questions raised. Some of the cases considering the questions are *Green* v. *Board of Education,* 133 W. Va. 750, 58 S. E. 2d 279; *Catron* v. *Sims,* 133 W. Va. 610, 57 S. E. 2d 465; *Adkins* v. *Sims,* 130 W. Va. 645, 46 S. E. 2d 81; *Trust Co.* v. *Sims,* 130 W. Va. 623, 46 S. E. 2d 90; *Cashman* v. *Sims,* 130 W. Va. 430, 43 S. E. 2d 805, 172 A. L. R. 1389; *Adkins* v. *Sims,* 127 W. Va. 786, 34 S. E. 2d 585; *Glover* v. *Sims,* 121 W. Va. 407, 3 S. E. 2d 612; *Woodall* v. *Darst,* 71 W. Va. 350, 77 S. E. 264, 44 L. R. A. (N. S.) 83, Ann. Cas. 1914B 1278; *Slack* v. *Jacob,* 8 W. Va. 612.

Code, 11-1-2a, as amended, reads in part: "On and after the effective date of this section, any taxpayer claiming to be aggrieved through being required to pay any tax into the treasury of this state, may, within three years from the date of such payment, and not after, file with the official or department through which the tax was paid, a petition in writing to have refunded to him any such tax, or any part thereof, the payment whereof is claimed by him to have been required unlawfully; and if, on such petition, and the proofs filed in support thereof, the official collecting the same shall be of the opinion that the payment of the tax collected, or any part thereof was improperly required, he shall refund the same to the taxpayer by the issuance of his or its requisition on the treasury upon which the auditor shall issue his warrant as hereinafter provided; \* \* \*." Defendant contends that the method provided by the statute for the recovery of taxes erroneously paid constitutes an exclusive remedy and that the taxpayer, not having filed a petition within the three year period (formerly two year period), allowed by the statute for the filing of such petition, is barred from any recovery. Defendant would rely upon *State* v. *Penn Oak Oil and Gas, Inc.,* 128 W. Va. 212, 36 S. E. 2d 595. That case involved a question relating to an allowance claimed against excise taxes on gasoline. The State instituted an action for recovery of the amount of excise taxes alleged to be owing, and defendant attempted to offset the claim by showing that it had suffered certain losses from leakage,

the statute then providing that a deduction could be had for leakage, upon the filing of a claim by the taxpayer, supported by proof, within a limited period. The offset was disallowed and the State permitted to recover the full amount of the claim, including penalties, for the reason that the taxpayer had failed to file such claim within the limited time. It clearly appears, therefore, that the amount of excise taxes claimed to be due the State, and for which judgment was allowed the State, resulted from a correct assessment of taxes. The State received no tax not due it. No moral duty or obligation arose requiring the State to allow any deduction because the condition, the filing of the claim within the limited period of time, was not complied with by the taxpayer.

Code, 11-1-2a, quoted above in part, at the time of the expiration of the period fixed for the filing of a claim by a taxpayer, contains no provision making the procedure therein provided the exclusive method for recovery of taxes illegally or erroneously collected, and it may be doubted whether one Legislature, by enacting such a provision, would have power to prevent a subsequent Legislature from declaring the payment of a debt a moral obligation and directing payment thereof. Neither did the statute then contain any provision relating to any right of the tax official or the taxpayer to seek a declaratory judgment as to the validity or invalidity of any such tax. The statute did no more than vest in the tax official the right to determine administratively the right of the taxpayer to receive a refund, and to direct payment thereof. The matter was left largely to the discretion of the tax official. The amendment of the section by the 1951 Legislature, Chapter 173, vested in the tax official discretionary power to prosecute declaratory judgment proceedings, but we see nothing in the amendment which would, if applied to the facts in this proceeding, require this Court to reach a different result. To state the answer more concisely, the so called remedy afforded by the statute was not a complete remedy, if a remedy at all. Thus, it would seem clear in the instant proceeding that

the taxpayer was not precluded from petitioning the Court of Claims, or the Legislature, for the refund, and that the Legislature acted within its legitimate powers in declaring the payment of the sum to be a moral obligation, making appropriation for its payment and directing defendant to issue a warrant upon the Treasurer for the payment thereof.

Assuming, however, that the remedy provided by the statute was intended to be exclusive, we must still reach the same result. The limitation provided therein as to the time for the initiation of the proceeding would merely bar the remedy provided by the statute; it would not extinguish the moral obligation. It is a well recognized principle of law that statutes of limitations bar only remedies. They do not destroy or extinguish rights or obligations. *Cook* v. *Eastern Gas & Fuel Associates,* 129 W. Va. 146, 39 S. E. 2d 321; 12 M. J., Limitations of Actions, Section 2.

It can not be doubted, of course, that the Legislature has the power to limit the Court of Claims to a limited period of time for the consideration of such claims. Neither can it be doubted that the Legislature could, at any time, refuse to consider or make appropriations for the payment of such claims. Through grace, and grace only, are payments of moral obligations made by the State. This being true, fear expressed by defendant, to the effect that the tax structure of the State may be endangered by allowing the consideration and payment of such claims, would seem to be entirely unfounded.

From the conclusions reached, we must necessarily issue a peremptory writ, directing defendant to carry out the command of the Legislature, as prayed for in the petition filed herein.

*Writ awarded.*