PETROPLUS, JUDGE:
The Claimant, C. J. Hughes Construction Company, a corporation, filed a claim in this Court on October 23, 1968, for the refund of business and occupation taxes allegedly overpaid for the years 1960 and 1961 under a misconception of the proper tax classification of business activity in which Claimant was engaged. A refund of $5,572.68 is claimed for the year 1960, and a refund of $3,116.12 is claimed for the year 1961, or the aggregate for both years in the sum of $8,688.80, resulting from the reclassification of a portion of the gross income for the respective years from a contractor status to service business, the tax rate for the latter type of business activity being lower than that of a contractor. A Field Auditor of the State Tax Commissioner’s Office apparently discovered the error in classification, and called it to the attention of the taxpayer for the years in question as well as for three subsequent years, 1962, 1963 and 1964. The Claimant ultimately received reimbursement for the subsequent years and they are not involved in this hearing.
The Audit Report filed as Claimant’s Exhibit No. 1, adjusting and recomputing the tax is dated January 13, 1966, and states on its face that no adjustment is made for the years 1960 and 1961 because they are barred by the Statute of Limitations. On January 22, 1966, Claimant filed Amended Business and Occupation Tax Returns for all calendar years, 1960 to 1964, inclusive, and was advised by the State Tax Commissioner *39 that the proper procedure was to file a Petition for Refund, which was accordingly done. Upon a hearing on the Petition, the State Tax Commissioner by Ruling dated June 1, 1967, disallowed all claims for refunds, assigning as a reason for the denial of refunds for the years 1960 and 1961, the bar of the Statute of Limitations, and for the subsequent years the refund claims were denied apparently because the Tax Commissioner disagreed with the adjustments made by his own Auditor.
Thereafter the Claimant instituted a Declaratory Judgment proceeding in the Circuit Court of Cabell County, where it was sustained in its position for the years 1962, 1963 and 1964, but again denied recovery for the years 1960 and 1961 on the ground that refunds were barred by the Statute of Limitations.
Claimant’s contention is that inasmuch as a Court of Record has found its position on reclassification tenable for the subsequent years (1962, 1963, 1964) that the State of "West Virginia has a moral obligation to make refund for the two prior years (1960, 1961) notwithstanding the Statute of Limitations has barred the refund proceedings, and a Court of Record has denied the refunds. With this contention we cannot agree.
There being no factual dispute, a decision must be based on the law applicable to the case.
The Claimant has overlooked entirely a provision in the law establishing this Court and defining its jurisdiction, Chapter 14, Article 2, Section 14, “The jurisdiction of the court shall not extend to any claim: _5. With respect to which a proceeding may be maintained against the State, by or on behalf of the claimant in the courts of the State.” A procedure for aggrieved taxpayers seeking refunds of taxes erroneously collected is set forth in Chapter 11, Article 1, Section 2a of the Code, and requires the taxpayer to file a written Petition for Refund within three years from the date of payment with the official or department through which the tax was paid; and if, on such Petition, and the proofs filed in support thereof, the official collecting the same shall be of the opinion that the payment of the tax was improperly required, he shall refund the same to the taxpayer by the issuance of a Warrant on the Treasury through the Auditor. If the collecting official is in *40 doubt as to whether the tax was unlawfully collected, or if he be of the opinion that the payment of the tax was lawful, on his own initiative or on demand of the aggrieved taxpayer within thirty days of written Notice, said official must promptly institute a Declaratory Judgment proceeding in a Court of competent jurisdiction.
The Claimant had a remedy in the Courts and availed itself of this remedy, and did recover by Declaratory Judgment the overpayment of taxes for the subsequent years of 1962 to 1964, inclusive. Having exhausted its legal remedy for the years of 1960 and 1961, it now invokes the jurisdiction of the Court of Claims because of a moral obligation and this alone. To assume jurisdiction would ignore the prohibition placed on this Court and the exclusion imposed by Chapter 14, Article 2, Section 14 of the Code. The latter Statute excludes certain classes of claims from consideration. Code, ll-l-2a originally was purely an administrative remedy for collecting taxes erroneously paid. Later by Legislative Amendment redress was afforded judicially by requiring the tax official to go into -a Court of Record promptly on demand of the taxpayer. It would appear that the Statute now as amended affords a complete remedy in tax refund cases with appellate review. We are not unmindful of the Ruling in a Mandamus suit of the West Virginia Supreme Court of Appeals in the case of Raleigh County Bank v. Sims, 137 W. Va. 599, 73 S.E. (2d) 526, decided in 1952, which held that the administrative remedy afforded by this Statute was not the exclusive method of recovery for taxes erroneously overpaid. The case was decided before the Declaratory Judgment feature was added by Amendment to the Statute, and also in that case the Legislature had enacted an appropriation Statute declaring the debt to be a moral obligation of the State after a favorable award by the former Court of Claims.
As we interpret the Statute creating this Court of Claims, it is not all claims which the State should in equity and good conscience pay that we are required to consider, but only those that come within the purview of our circumscribed jurisdiction. We are constrained to consider those claims, which but for the Constitutional immunity, could be maintained in the regular Courts of this State. This claim obviously cannot *41 be maintained in the regular Courts of the State, and if civil action were filed there could be no recovery even though sovereign immunity was not pleaded as a defense.
The Judgment of the Cabell County Circuit Court entered on September 23, 1968, admittedly disallowed recovery for the taxes in question by stating they were barred by the Statute of Limitations, although allowing recovery for the subsequent years. This in our opinion is res adjudicaba. We do not feel that this Court has been empowered to overrule a Final Judgment of a Court of Record based on findings or defenses other than sovereign immunity.
Accordingly, for the foregoing reasons, we are of opinion to disallow the claim and make no award.
Claim disallowed.