Matthias, J.
 

 The only question argued and submitted in this case is whether the amendment of Section 5433, General Code, passed May 11,1927, whereby the “tax upon the business done” by foreign insurance companies in this state was increased from 2% per cent., as the law theretofore exacted, to 3 per cent., can have application to “the business done” by said companies as disclosed by their respective reports for the calendar year prior to the enactment of the amended statute.
 

 There has been little change in the provisions of the statute involved herein since its enactment in 1904 (97 Ohio Laws, 401). The provisions of that act are now incorporated in Sections 5432, 5433, 5434, and 5435, General Code. Every foreign insurance company is required to set forth in its annual statement to the superintendent of insurance the gross amount of premiums received by it in this state during the preceding calendar year. The superintendent of insurance is required, prior to the month of November each year, to compute an amount
 
 *334
 
 of 2% per cent, (now 3 per cent.) of the balance of such gross amount after making certain stated deductions, “and charge them to such company as a tax upon the business done by it in this state for the period shown by such annual statement.” Section 5433, General Code. By subsequent provision each such company is required to pay the amount so computed to the treasurer of state in the month of November next succeeding, and failure to do so is ground for revocation of license to do business in the state, and the attorney general is directed to prosecute appropriate action to collect the tax. If any such company ceases to do business in the state it is required to report to the superintendent of insurance the amount of premiums received in the state not previously reported, and forthwith to pay “the same per centum of tax thereon.” Section 5434, General Code.
 

 Concededly, the tax thus provided for is levied for the privilege of conducting business iii this state. The validity of such excise tax is not challenged, but it is urged that the increase in the rate can be applied only to cúrrent and future years, and that to so construe the amended act as to make its terms applicable to the business of the company for the preceding calendar year results in giving to. the amendment a retroactive effect, which is violative of Section 28, Article II, of the Constitution of the state, which provides that:
 

 “The General Assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts * * *.” .
 

 It is urged that the language of the act itself clearly indicates that the tax thus levied is for the
 
 *335
 
 privilege of transacting business in the calendar year covered by tbe report of premiums which is made the basis of the tax. The .law denominates this tax a “tax upon the business done by it in this state for the period shown by such annual statement.” Section 5433, General Code. It is obvious that if there had been no previous legislation on the subject, and the entire law had been enacted in May, 1927, the tax would have been based only upon the business of the calendar year 1927 and succeeding years, for the basis of the computation of the tax would not have been provided until the filing, of reports. for such calendar year. The tax is due the following November. It is contended therefore that the charge for the privilege of doing business during the calendar year 1926 should be computed in accordance with the law then in force, and that the increased rate, exacted by the amendment of 1927, if enforced, as attempted by the superintendent of insurance, would result in levying an additional tax for the privilege of doing business in 1926, and to that extent would be retroactive.
 

 With this view we are in full accord. The power of taxation conferred upon the legislative branch of the government is broad and comprehensive, but even such legislation is included within the limitation imposed by the constitutional provision expressly denying the power to pass retroactive laws. The terms “retroactive” and “retrospective” are synonymous, and are used interchangeably. The definition of that term announced by Justice Story has .been heretofore approved by this court in
 
 Rairden
 
 v.
 
 Holden, Admr.,
 
 15 Ohio St., 207, and
 
 Commissioners
 
 v.
 
 Rosche Bros.,
 
 50 Ohio St., 103, 33 N. E.,
 
 *336
 
 408, 19 L. R. A., 584, 40 Am. St. Rep., 653. It is as follows:
 

 “Every statute which takes away or impairs vested rights, acquired under existing laws, or creates a new obligation, imposes a new duty,, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective. ’ ’
 

 As attempted to be enforced by the superintendent of insurance, the' amended law would exact an increased charge of one-half of one per cent, for the privilege of doing business during the previous year, a privilege fully exercised and enjoyed, and for which the price to be charged had been fixed and announced in advance. A law which provided for the exaction of an additional automobile license fee for the preceding year would be quite analogous, and surely no one would contend that such would not fall within the class of retroactive legislation. To add such new additional charge for a privilege subsequent to the expiration of the period covered thereby would clearly be unfair and unjust, and legislation of that character has frequently been held invalid, or operative only prospectively, by the courts of those states which have a constitutional provision such as ours forbidding legislation retroactive in character; and in those states having no such constitutional inhibition a retroactive effect is not given a law unless required by its terms.
 

 The amended act before us with the increased privilege tax applied as proposed would clearly result in creating “ a new obligation * * * in respect to transactions or considerations already past” and render the same invalid. Support for our conclu
 
 *337
 
 sion that such application of the statute is violative of the constitutional inhibition against retroactive laws, and therefore invalid, may be found in the following decided cases in this state:
 
 Douglass
 
 v.
 
 City of Cincinnati,
 
 29 Ohio St., 165;
 
 Spangler
 
 v.
 
 City of Cleveland,
 
 35 Ohio St., 469;
 
 City of Cincinnati
 
 v.
 
 Seasongood,
 
 46 Ohio St., 296, 21 N. E., 630;
 
 Metz
 
 v.
 
 Hagerty, Aud.,
 
 51 Ohio St., 521, 38 N. E., 11;
 
 Miller
 
 v.
 
 Hixson, Treas.,
 
 64 Ohio St., 39, 59 N. E., 749. In the opinion of the case last cited, at page 51 (59 N. E., 752), is language quite pertinent to the case in hand:
 

 “The General Assembly having the power to enact laws, and * * * having enacted laws with certain limitations, and persons having conformed their conduct and affairs to such state of the law, the General Assembly is prohibited, estopped, from passing new laws to reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time.”
 

 The following cases from other jurisdictions also support the view above announced:
 
 Burgess
 
 v.
 
 Salmon,
 
 97 U. S., 381, 24 L. Ed., 1104;
 
 Shwab, Exr.,
 
 v.
 
 Doyle, Collector of Internal Revenue,
 
 258 U. S., 529, 42 S. Ct., 391, 66 L. Ed., 747, 26 A. L. R., 1454;
 
 Llewellyn
 
 v.
 
 Frick,
 
 268 U. S., 238, 45 S. Ct., 487, 69 L. Ed., 934;
 
 Young
 
 v.
 
 Town of Henderson,
 
 76 N. C., 420;
 
 Ross
 
 v.
 
 Lettice,
 
 134 Ga., 866, 68 S. E., 734, 137 Am. St. Rep., 281;
 
 Smith
 
 v.
 
 Dirckx,
 
 283 Mo., 188, 223 S. W., 104, 11 A. L. R., 510.
 

 The amended statute, in so far as it acts prospectively, is valid, but its application to business transacted and covered by the report for the calendar year 1926 must upon principle and authority be
 
 *338
 
 disapproved. The injunction prayed for was properly granted, and the judgment is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson and Jones, JJ., concur.