Zimmekman, J.
 

 Appellants contend that the term “income yield” as used in Section 5389, General Code, means the cash distribution by a trustee to a beneficiary
 
 *429
 
 to the extent reflected by the net income received by the trustee from taxable sources for the calendar year next preceding tax listing day, and that in no event could, any distributions of income received by a trustee prior to the effective date of the Intangible Tax Law, be included in the computation of “income yield,” because a retroactive tax would thereby result in violation of constitutional provisions.
 

 In the view of the appellees, the definition of the term “income yield” includes all cash distributions made to a beneficiary by the trustee of income received by the trustee from taxable sources, regardless of whether such distributions were made from income received by the trustee during the same calendar year or from accumulations of undistributed income of prior years. Appellees also contend that taxation cannot be evaded by simply having the trustee retain income for a period of at least one year before distribution.
 

 Under the laws of Ohio there can be no question that the equitable interest of a beneficiary in a trust is taxable. The difficulty comes in ascertaining the “income yield” to be taken into account in establishing the tax.
 

 Section 5328-1, General Code, expressly states that, with certain exceptions, “all moneys, credits, investments, deposits, and other intangible property of persons residing in this state shall be subject to taxation.”
 

 Section 5388, General Code, announces that investments shall be listed on the basis of the income yield of each for the calendar year next preceding the date of listing, except as otherwise indicated, and the assessment thereon shall be according to the amount of such income yield.
 

 Section 5389, General Code, provides:
 

 “ ‘Income yield’ as used in Section 5388 of the General Code and elsewhere in this title means the
 
 *430
 

 aggregate
 
 amount paid as income by the * * * trustee * * ® during such year, and includes the following:
 

 * * in the case of an equitable interest in a fund made up in whole or in part of investments, the
 
 entire
 
 distribution of income by the trustee to the owner of the equitable interest to the extent represented by the net income received by the trustee from investments, deposits not taxed at the source, current accounts receivable and other taxable intangibles as defined in this title * * *.” (Italics ours.)
 

 As we interpret the quoted and applicable part of Section 5389, General Code, it plainly comprehends the ‘ ‘ aggregate ’ ’ and ‘ ‘ entire ’ ’ amount paid as income from investments by a trustee to a beneficiary during the calendar year next preceding the daté of listing, and would embrace all distributions of accumulated income, irrespective of the years in which the accumulations occurred.
 

 In considering this matter it is important to remember that we are dealing with a property tax and not with an income tax; the “income yield” of the property is merely the norm used for fixing the amount of the tax to be paid.
 
 Rowe
 
 v.
 
 Braden et al., Tax Commission,
 
 126 Ohio St., 533, 541, 186 N. E., 392.
 

 We do not regard favorably the argument advanced by appellants that Section 5389, General Code, as interpreted, is rendered retroactive in operation. The tax sought to be imposed here is not upon the income accumulated by the trustees and in their hands prior to the effective date of the Intangible Tax Law; it is upon the basis of the amounts received as income by the beneficiaries during years subsequent to such date.
 

 Pursuant to the power possessed by the General Assembly, that body has determined that the interest of Ohio beneficiaries in trusts should be taxed, and the
 
 *431
 
 measure of such tax is calculated upon the amount received as income by beneficiaries from their trustees. Such tax has a uniform operation throughout the state and affects equally all persons in the same category.
 

 The situation before us is different from that under consideration in the case of
 
 Safford, Supt. of Ins.,
 
 v.
 
 Metropolitan Life Ins. Co.,
 
 119 Ohio St., 332, 164 N. E., 351, relied upon by the appellants. There, the General Assembly amended Section 5433, General Code (112 Ohio Laws, 429), in 1927, by increasing the tax upon
 
 business done
 
 by foreign insurance companies in Ohio from two and one-half to three per cent. The Superintendent of Insurance attempted to apply the new rate to the premiums
 
 collected
 
 by such insurance companies during the year 1926. He was properly enjoined from so doing on the ground that such application of the amendment would give the law a retroactive effect in contravention of Section 28, Article II of the Constitution of Ohio.
 

 As has already been pointed out, the taxes which will be imposed in the pending cases are prospective. Their imposition is upon the equitable interests of the beneficiaries in the trusts measured by the amounts received by the taxpayers as income after the effective date of the Intangible Tax Law.
 

 Finding the decisions of the Board of Tax Appeals neither unreasonable nor unlawful, we affirm the same.
 

 Decisions affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias and Hart, JJ., concur.