LAKENGREN, INC., APPELLANT, *v.* KOSYDAR, TAX COMMR., APPELLEE.

(No. 75-461—Decided December 31, 1975.)

200

*Messrs. Stauffer, Wait & Ashbrook, Mr. Hugh D. Wait* and *Mr. William G. Harrington,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellee.

STERN, J. The only question presented in this case is whether the amendment to R. C. 5733.05, adopted December 20, 1971, whereby the income of a corporation was made an alternative basis for computing the corporate franchise tax, is a retroactive law as to accounting years already closed prior to the enactment of the statute. The amendment applies the tax rate to the net income of the corporation earned during the accounting year "preceding the date of commencement of its annual accounting period which includes the first day of January of the tax year" (R. C. 5733.05[B]), so that this taxpayer's corporate franchise tax obligation for the tax year 1972 would be based upon the net income earned in the accounting year ending February 28, 1971.

The validity of the corporation franchise tax is not challenged, but appellant argues that to apply the amendment to the net income of the company earned in a preceding accounting year is to give the amendment a retroactive effect, in violation of Section 28, Article II of the Ohio Constitution.

Section 28, Article II provides that:

"The General Assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts * * *."

The state urges that the franchise tax is levied only upon the privilege of engaging in business during the tax year, even though it uses income earned in a past year as a

measure of the tax levy. The state agrees that the tax is based on past events, but argues that this does not render the tax retroactive, because it is a fee levied for the exercise of the future privilege of engaging in business.

The obvious difficulty with that contention is that it allows the state to impose new taxes upon income earned at any time in the past simply by stating that the levy is a payment for future privileges. The prohibition against retroactive laws is not a form of words; it is a bar against the state's imposing new duties and obligations upon a person's past conduct and transactions, and it is a protection for the individual who is assured that he may rely upon the law as it is written and not later be subject to new obligations thereby. "The General Assembly having the power to enact laws, and * * * having enacted laws with certain limitations, and persons having conformed their conduct and affairs to such state of the law, the General Assembly is prohibited, estopped, from passing new laws to reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time." *Miller* v. *Hixson* (1901), 64 Ohio St. 39, 51, 59 N. E. 749. See, also, *Society* v. *Wheeler*, 2 Gall (U. S. C. C.) 105, 139; *Rairden* v. *Holden* (1864), 15 Ohio St. 207; *Commissioners* v. *Rosche Bros.* (1893), 50 Ohio St. 103, 33 N. E. 408. The case of *Safford* v. *Metropolitan Life Ins. Co.* (1928), 119 Ohio St. 332, 164 N. E. 351, is in accord, upon facts very similar to the case at bar. In that case, the General Assembly, by an Act passed on May 11, 1927, increased the "tax upon business done" in the state by foreign insurance companies by one half of one percent. The company was required to pay the assessed tax in the following November, and failure to do so was grounds for revocation of the license to do business in the state. The issue presented was whether the tax increase could be levied on premiums for the calendar year 1926, before the passage of the increase, as payment for the privilege of doing business in the state during 1926. The court held that it could not.

The amendment to R. C. 5733.05 as applied to ap-

pellant has precisely the same effect of increasing a tax obligation assessed on the basis of transactions concluded during a previous tax accounting period. In both this case and in *Safford, supra,* earnings in one accounting year were subjected to a higher tax—in *Safford* by a higher rate, and in the present case by the introduction of a tax computed upon income—by statutes enacted after the close of that year. The only difference between the cases is that in *Safford* the tax was stated to be for the privilege of doing business in the past year, while in the present case the tax is stated to be for the privilege of doing business in the current year.

That distinction has a certain logic in theory, for a corporation may avoid liability for the corporate franchise tax by ceasing to do business in Ohio before the commencement of the tax year. But the state does not avoid the constitutional protection against retroactive laws simply because it offers a taxpayer the Hobson's choice of paying a higher tax or leaving the state. The constitutional prohibition against retroactive laws is a protection of each person's right to live his life and conduct his affairs in reliance upon the law as it has been enacted by the General Assembly; it is a guarantee that the legal significance of one's acts will not be changed or disturbed by a later statute. That protection applies to tax statutes as to others, and prohibits the state from imposing new or higher taxes upon past transactions.

In this case, the appellant used a permissible period of accounting (R. C. 5733.031), and at the conclusion of that period was subject to a tax obligation under existing law of $3,557.55, payable a year later if the appellant wished to continue doing business in Ohio. Under the accepted systems of accounting approved by the Revised Code, appellant was entitled to distribute or invest the profit it had earned, and need not retain some part of those profits in anticipation of a subsequent tax based upon the income earned in that year, income which might or might not be related to the actual business activity of the cor-

poration in the following year. Appellant was entitled to consider that the money was finally its own. When the accounting year closed for the taxpayer, it closed for the taxing authority as well; it would defeat the constitutional protection to uphold the imposition of a new tax levied upon income earned in a past year, solely because the tax is named a franchise tax and the taxpayer has the choice of payment or disenfranchisement. As of February 28, 1971, the tax obligation of the appellant was calculable under existing statutes. A subsequent increase of that obligation, whether by an increase in the rate or by the enactment of an alternative method of calculation based upon the income earned in the preceding year is retroactive in effect and is prohibited by the Ohio Constitution.

The state cites federal and state decisions which have permitted retroactive tax statutes, within the bounds of the due process clause. *Welch* v. *Henry* (1938), 305 U. S. 134; *Philadelphia Life Ins. Co.* v. *Commonwealth* (1973), 454 Pa. 157, 309 A. 2d 811. Those decisions are not applicable to the case at bar, for the Ohio Constitution, unlike the United States Constitution and those of many of the states, specifically prohibits retroactive laws. Retroactive federal laws have been upheld where reasonable, but the Ohio Constitution flatly prohibits such laws, reasonable or not. We also cannot agree with the language of the court in *Neild* v. *District of Columbia* (C. A. D. C. 1940), 110 F. 2d 246, 255, which states that such an enactment is not retroactive in effect.

The state's contention that corporate income is merely an antecedent fact used as a criterion for tax purposes similarly fails. Certainly, the state may use an antecedent fact as a reasonable criterion for a present or future fact, *e. g.*, it may use the original cost of an item as a criterion for present value. Cf. *United Engineering & Foundry Co.* v. *Bowers* (1960), 171 Ohio St. 279, 169 N. E. 2d 697. But a transaction which was completed in the past, such as a sale or the payment of wages, is wholly in the past and is no real indication that some actual future sale or payment

204

will be made. If no such future transaction occurs, the tax can, of course, be paid only from the proceeds of the past transaction, to which it is in any case most directly attributable. As a practical matter, a tax levied upon income of a particular period, whether payable immediately or in the future, is a tax taken from that income, and that taking may not be made retroactively. This in no way prevents the General Assembly from levying a tax payable in the future, based upon the income of periods ending after the enactment of the levy. In the present case it is only the retroactive effect and not the validity of the tax which is challenged. The General Assembly in this case changed, existing rules of law to its benefit, and applied those rules to events and transactions already completed under a different set of rules. That it may not do.

The decision of the Board of Tax Appeals, being unlawful, is reversed.

*Decision reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, W. BROWN and P. BROWN, JJ., concur.

CELEBREZZE, J., dissents.