CHOPE ET AL., APPELLANTS, *v.* COLLINS, TAX COMMR.,
APPELLEE.

(No. 76-293—Decided December 22, 1976.)

*Messrs. Wright, Harlor, Morris & Arnold, Mr. George M. Hauswirth* and *Mr. Jon M. Anderson,* for appellants.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellee.

*Per Curiam.* Appellants contend that R. C. 5747.02 levies an excise tax,[1] not an income tax, because R. C. 5747.02 allegedly provides for a tax levied not upon income, but, instead, upon every individual residing in or earning income in this state. In this view, income merely measures the excise tax upon the individual, rather than constituting the subject of the tax.

Although an income tax may bear some of the identify-

---

[1] "An excise tax is a tax assessed for some special privilege or immunity granted to some artificial or natural person, based upon the grant of such privilege or immunity." *Cincinnati, M. & L. Traction Co. v. State* (1916), 94 Ohio St. 24, 27, 113 N. E. 654.

A tax directly imposed by the General Assembly without assessment, measured by volume of business done, income previously received, or by extent to which a privilege may have been enjoyed or exercised by the taxpayer (irrespective of the nature or value of his assets or his business investments), is an excise tax. Black's Law Dictionary (4 Ed. Rev.), 672.

An income tax is one levied directly upon the thing called income. *Angell v. Toledo* (1950), 153 Ohio St. 179, 183, 91 N. E. 2d 250, citing 1 Cooley on Taxation (4 Ed.) 138, Section 49.

ing characteristics of an excise tax, the Ohio Constitution does distinguish an excise tax from an income tax. In interpreting the Constitution, at least, an income tax must not be treated as an excise tax. *Angell* v. *Toledo* (1950), 153 Ohio St. 179, 183, 184, 91 N. E. 2d 250.

However plausible the contention of appellants might seem *in vacuo*, it is not persuasive in the statutory and constitutional perspective of the instant case. Analysis of R. C. Chapter 5747 as originally enacted, of the 1973 amendment to Section 8 of Article XII of the Constitution of Ohio, and of the 1974 amendment to R. C. 5747.02, plainly demonstrates the enactment of an income tax by the General Assembly.

When R. C. Chapter 5747 was enacted, the General Assembly enjoyed the constitutional authority to enact an income tax under Section 8 of Article XII, which at that time provided that in taxation of incomes, a part of each annual income, not exceeding three thousand dollars, might be exempted from taxation. R. C. 5747.02, consistent with Section 8 of Article XII, originally provided for an annual tax measured by adjusted gross income, less an exemption of five hundred dollars each for the taxpayer, his spouse, and each dependent, until a maximum of three thousand dollars on each separate income tax return was reached.

The amendment of Section 8 of Article XII, effective November 6, 1973, provided that in the taxation of incomes, a part of each annual income might be exempted as provided by law. The subsequent amendment of R. C. 5747.02 correspondingly deleted the three-thousand-dollar maximum exemption.

Additionally, Section 9 of Article XII provided that no less than one-half of the income taxes that may be collected by the state shall be returned to the county, school district, city, village or township in which that income tax originates, or to any of the same, as might be provided by law. R. C. 5747.03(B) correspondingly provides for this return of at least one-half of the income tax collected by the state to localities, expressly "pursuant to the requirements of Section 9 of Article XII, Ohio Constitution."

So tightly interwoven is R. C. Chapter 5747 with Sections 8 and 9 of Article XII of the Ohio Constitution that this alone is convincing that the tax in issue here indeed is an income tax. Additionally persuasive, however, is the following language of R. C. 5747.02: "The levy of this *tax on income* does not prevent a municipal corporation from levying a tax on income."[2] (Emphasis added.)

Appellants assert that R. C. Chapter 5747 is silent as to whether the tax should be applied to gains which occurred prior to the effective date of January 1, 1972. But, for the tax year 1972, R. C. 5747.02 levied an income tax measured by "adjusted gross income"; and R. C. 5747.01 ordains that, except as otherwise provided, any term used in R. C. Chapter 5747 has the same meaning as when comparably utilized in the Internal Revenue Code of the United States. R. C. 5747.01(A) offers a detailed delineation of the scope of "adjusted gross income." Therefore, the term "adjusted gross income" under R. C. Chapter 5747 has the same meaning as that used for federal income tax purposes, subject to the extensive inclusions and exclusions of R. C. 5747.01(A).

"Adjusted gross income" for federal tax purposes excludes merely that portion of capital gains attributable to appreciation prior to March 1, 1913. Section 1053, Title 26, U. S. Code. Inasmuch as R. C. Chapter 5747 adopts this same exclusion, R. C. 5747.01(A) does not authorize the deduction claimed by appellants.

Appellants submit that the Tax Commissioner's application of R. C. Chapter 5747, which acts to impose a tax on gains occurring prior to January 1, 1972, is retroactive and in violation of Section 28 of Article II of the Constitution of Ohio. In advancing this argument, appellants rely upon the opinions of this court[3] in *Safford* v. *Metro-*

---

[2] "The cardinal rule of statutory construction is that a clear and simple statute means what it says, no more, no less." *Revesz* v. *Doehler Jarvis* (1968), 14 Ohio App. 2d 156, 160, 237 N. E. 2d 413.

[3] Appellants also rely heavily upon the opinion of the Supreme Court of Illinois in *Thorpe* v. *Mahin* (1969), 43 Ill. 2d 36, 250 N. E. 2d 633. In that opinion the court did answer the petitioners' argument that if

*politan Life Ins. Co.* (1928), 119 Ohio St. 332, 164 N. E. 351, and *Lakengren* v. *Kosydar* (1975), 44 Ohio St. 2d 199, 339 N. E. 2d 814.

In *Safford*, the sole question was whether a statutory amendment, whereby the excise tax upon the business done in this state by foreign insurance companies was increased, could apply to the business done during the calendar year before enactment of the amended statute. It was urged in that case that the tax rate increase could be applicable only to current and future years, and that applying the statute to the business of the preceding year would be violative of Section 28 of Article II. *Safford* held that application of the amended statute to business transactions of the preceding year was invalid because it resulted in new obligations respecting transactions already completed.

In *Lakengren*, the question was whether a December 20, 1971, amendment to R. C. 5733.05, whereby corporate income became an alternative basis for computing the corporate franchise tax, was a retroactive law relative to accounting years already closed before enactment of the statute. The amendment so applied the tax rate to net corporate income that the corporate franchise tax obligation of the *Lakengren* appellants, for the tax year 1972, would have been based upon the net income earned in the accounting year ending February 28, 1971. Appellants, in *Lakengren*, argued that to apply the amendment to net income of the company earned in a preceding accounting year gave the amendment a retroactive effect violative of Section 28 of Article II. This court agreed with the taxpayer that the General Assembly had revised rules of law to its benefit, and had applied them invalidly to transactions already completed under a different set of rules.

the statute at issue were applied to the realization of increased value of capital assets occurring before a certain date, they thereby would be deprived of property without due process of law. In replying to that contention, the court explicitly premised its retroactivity discussion upon the Illinois Legislature's intent. *Id.*, at page 50. That discussion, therefore, can be of little assistance in the different context of the instant case.

In the instant case, in sharp contrast to the facts of *Safford* and *Lakengren*, the transaction generating the challenged tax is the 1972 stock sale, and the simultaneous realization of a capital gain. No tax liability obtained until then; the Tax Commissioner is simply applying the law in existence at the time of the taxable transaction. Indeed, as stated, at page 204, in *Lakengren*:

"As a practical matter, a tax levied upon income of a particular period, whether payable immediately or in the future, is a tax taken from that income, and that taking may not be made retroactively. This in no way prevents the General Assembly from levying a tax payable in the future, based upon the income of periods ending after the enactment of the levy."

Appellants contend finally that the taxation of gains accruing prior to January 1, 1972, violates the due process clause of the Fourteenth Amendment to the United States Constitution. Appellants submit that the Tax Commissioner's application of R. C. Chapter 5747 as to them, whether the tax is an excise or an income tax, violates the due process clause because the commissioner is imposing a tax based upon transactions preceding the enactment of the tax in question.

We conclude that this contention of appellants is without merit. Not only is this conclusion consistent with the opinion in *Lakengren*, but it also expresses the logic of the federal law.[4] The event triggering operation of the taxing power is realization of gain, even if some of the profit realized in one period stems from an increase in value during an earlier period. The legislative body, enjoying the constitutional power to tax the gain, and having laid down a tax policy, may choose for the incidence and measurement of the tax the moment that the gain and the amount are

---

[4] "It is conceded that income must be realized before it is subject to tax. And it is clear, for example, that Congress has not intended to subject to tax the mere appreciation in value of property while still in the hands of the taxpayer." Chommie, Law of Federal Income Taxation (2 Ed.), 33.

303

realized. *MacLaughlin* v. *Alliance Ins. Co.* (1932), 286 U. S. 244, 249, 250.

In view of all the foregoing, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.