274

CAMEO, INC., APPELLANT, *v.*
LINDLEY, TAX COMMR., APPELLEE.

[Cite as Cameo, Inc., v. Lindley (1981), 67 Ohio St. 2d 274.]

(No. 80-1574—Decided July 22, 1981.)

*Messrs. Gressley, Kaplin & Parker* and *Mr. Lynn N. Gressley,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. James C. Sauer,* for appellee.

LOCHER, J. This cause presents two issues: (1) whether Cameo's gain occurred during or after the first taxable year in which Cameo computed its franchise tax liability by using the net income method; and (2) whether Cameo is entitled to an exclusion of $831,322.43 from the amount of taxable gain.

## I.

R. C. 5733.06 requires corporations to calculate franchise tax liability under both the "net income" and "net worth" methods. The actual tax liability is the greater of these two.

In Am. Sub. H. B. No. 475 (134 Ohio Laws Pt. II 1485, 1555-1558), the General Assembly defined "net income." The effective date of these amendments was December 20, 1971. R. C. 5733.04 was one of these amendments and provides, in pertinent part:

"(I) 'Net income' means the taxpayer's taxable income before operating loss deduction and special deductions, as required to be reported for the taxpayer's taxable year under the Internal Revenue Code, subject to the following adjustments:
"* * *

"(3) Add any loss or deduct any gain resulting from the sale or other disposal of a capital asset, or an asset described in section 1231 of the Internal Revenue Code, to the extent that such loss or gain occurred prior to the first taxable year on which the tax provided for in section 5733.06 of the Revised Code is computed on the corporation's net income.* * *"

Cameo argues that our decision in *Lakengren* v. *Kosydar* (1975), 44 Ohio St. 2d 199, requires deduction from net income of any gain which occurred prior to October 1, 1971, the beginning of the first Cameo accounting period during which R. C. 5733.04(I)(3) was in effect. Nevertheless, the Tax Commissioner and BTA ruled that the gain on the sale of "Pearl Drops" occurred after October 1, 1971.

We agree.

Prior to May 4, 1974, Cameo retained ownership of the capital asset. C-W was merely the holder of an option to purchase and a licensee.

Cameo did not realize a gain until C-W exercised its option

and completed the sale. "***The event triggering operation of the taxing power is realization of gain, even if some of the profit realized in one period stems from an increase in value during an earlier period." *Chope* v. *Collins* (1976), 48 Ohio St. 2d 297, 302.

Cameo's reliance on *Lakengren,* therefore, is unfounded.

"In *Lakengren,* the question was whether a December 20, 1971, amendment to R. C. 5733.05, whereby corporate income became an alternative basis for computing the corporate franchise tax, was a retroactive law relative to accounting years already closed before enactment of the statute. The amendment so applied the tax rate to net corporate income that the corporate franchise tax obligation of the *Lakengren* appellants, for the tax year 1971, would have been based upon the net income earned in the accounting year ending February 28, 1971. Appellants, in *Lakengren,* argued that to apply the amendment to net income of the company earned in a preceding accounting year gave the amendment a retroactive effect violative of Section 28 of Article II. This court agreed with the taxpayer that the General Assembly had revised rules of law to its benefit, and had applied them invalidly to transactions already completed under a different set of rules." *Chope, supra,* at 301.

Cameo's sale, on the other hand, occurred more than two years after the December 20, 1971, effective date of the amendment to R. C. 5733.04. Therefore, the gain realized on the sale must be included in net income.

## II.

Cameo argues that R. C. 5733.04(I)(3) permits it to exclude $831.322.43 from the gain which we have held in Part *I* of this opinion to be net income.* We disagree.

R. C. 5717.04 requires a court to which a BTA decision is

---

\* R. C. 5733.04(I)(3) provides, in pertinent part:

"***At the option of the taxpayer, the amount of such prior loss or gain may be a percentage of such gain or loss, which percentage shall be determined by multiplying such gain or loss by a fraction, the numerator of which is the number of months from the acquisition of the asset to the beginning of the first taxable year on which the fee provided in section 5733.06 of the Revised Code is computed on the corporation's net income, and the denominator of which is the number of months from the acquisition of the asset to the sale or other disposal of such asset."

appealed to review the case based upon "the record of the proceedings of the board [of tax appeals]***and the evidence considered by the board***." This court has consistently held that we will not consider evidence outside the record in these cases. *Neil House Hotel Co.* v. *Bd. of Revision* (1946), 147 Ohio St. 231, paragraph one of the syllabus; *Swetland Co.* v. *Evatt* (1941), 139 Ohio St. 6, paragraph one of the syllabus. The record of proceedings and evidence before BTA are void of any mention as to the value of the proposed exclusion.

Accordingly, we affirm the decision of the Board of Tax Appeals.

*Decision affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, HOLMES and C. BROWN, JJ., concur.