PERSONAL SERVICE INSURANCE COMPANY, APPELLEE, *v.* MAMONE,
CHIEF, DIVISION OF RECLAMATION, OHIO DEPARTMENT OF
NATURAL RESOURCES, APPELLANT.

[Cite as Personal Service Ins. Co. *v.* Mamone (1986), 22 Ohio St. 3d 107.]

(No. 84-1875—Decided February 19, 1986.)

108

[redacted]

*William C. Ailes,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *David I. Schiff,* for appellant.

SWEENEY, J. The determinative issue in this appeal is whether the proposed civil penalty assessment issued by appellant Mamone constitutes an unconstitutional impairment of PSI's surety contract which was executed prior to the effective date of R.C. 1513.02(F)(1). For the reasons that follow, we reverse the judgment of the court of appeals which held that the proposed civil penalty assessment was unconstitutional as applied to PSI.

Appellee PSI argues that the proposed civil penalty assessment against it for violating reclamation standards amounts to an unconstitutional retroactive impairment of the surety contract it executed on behalf of Mack Mining, Inc. in 1978. We disagree with this contention based on our interpretation that the civil penalty was not issued against PSI as a surety under its surety contract, but rather, the penalty was issued because PSI violated reclamation standards after R.C 1513.02(F)(1) was enacted. We agree with the proposition that the addition of the civil penalty feature to R.C. Chapter 1513 cannot modify the obligation of a surety so as to enlarge the duties of the surety. PSI's obligation under the surety contract was to pay a definite sum of money under its bond, and this obligation cannot be changed.

However, R.C. Chapter 1513 affords the surety the option of making payments on the bond or undertaking the reclamation work in accordance with the current standards for reclamation. Here, PSI elected to perform the reclamation work for the defaulting strip mining permit holder, but during the course of the reclamation it committed a violation of the standards governing reclamation by allowing a sediment pond to fill beyond the legally permissible limit.

The civil penalty, however, does not add any new conditions to the surety contract; rather, it enlarges conditions for the option of reclamation. This is the crucial distinction that must be emphasized. Appellant here is not attempting to penalize PSI as a surety. It is attempting to penalize PSI for the violation it committed during the reclamation — a violation which occurred after R.C. 1513.02(F)(1) was enacted into law. The fact that PSI was the surety for the defaulting permit holder in reality has little to do with the violation in issue. Once PSI opted to perform the

reclamation work itself, it was required to undertake the reclamation in a manner consistent with preordained reclamation standards. This, it apparently failed to do. R.C. 1513.02(F)(1) states, *inter alia,* that a "person" who violates R.C. Chapter 1513 may be assessed a civil penalty by the Chief of the Division of Reclamation. R.C. 1513.01(L) defines "person" as "* * * [p]erson, partnership, corporation, association, or other legal entity, or any political subdivision, instrumentality, or agency of this state or the United States." Certainly, PSI qualifies as a "person" which can be charged with a civil penalty under this statutory scheme.

In *Lakengren* v. *Kosydar* (1975), 44 Ohio St. 2d 199 [73 O.O.2d 502], we stated at 201:

"* * * The prohibition against retroactive laws is not a form of words; it is a bar against the state's *imposing new duties and obligations upon a person's past conduct and transactions,* and it is a protection for the individual who is assured that he may rely upon the law as it is written and not later be subject to new obligations thereby." (Emphasis added.)

In the cause *sub judice,* the state is not imposing new duties and obligations upon PSI's past conduct and transactions; rather, the state is imposing an obligation on PSI's present and future conduct in reclamation. In addition, as appellant correctly points out, the prohibition against retroactive laws does not apply to a sanction levied for a present violation of an existing law. See *In re Allen* (1915), 91 Ohio St. 315; and *Blackburn* v. *State* (1893), 50 Ohio St. 428. In the instant case, appellant assessed PSI for a violation of R.C. Chapter 1513 it committed almost one year and nine months *after* the effective date of R.C. 1513.02(F)(1). We believe it is clear that the appellant imposed this penalty based on PSI's present misconduct, and this cannot be characterized as an attempt to retroactively penalize any violation PSI may have committed prior to the effective date of the civil penalty statutes.

We disagree with the court of appeals' finding that the civil penalty assessed against PSI was a retroactive and unconstitutional impairment of its surety contract and we reverse that holding in its entirety. We therefore hold that a civil penalty issued to a surety undertaking reclamation on behalf of a defaulting coal mine permit holder for a violation of R.C. Chapter 1513 does not infringe upon Section 10, Article I of the United States Constitution or Section 28, Article II of the Ohio Constitution, where that civil penalty was enacted as an enhancement of a previously existing law, and where the violation occurred after the effective date of the penalty provision, even though this provision was enacted after the surety bond was executed.

The next issue presented is whether R.C. 1513.16(H)(4) provides the exclusive remedy that appellant may pursue against PSI. R.C. 1513.16(H)(4) sets forth in relevant part:

"* * * If, after the surety begins the work, the chief determines that the surety is not carrying the work forward with reasonable progress, or

that it is improperly performing the work, or that it has abandoned the work or otherwise failed to perform its obligation and that of the operator, the chief shall issue an order terminating the right of the surety to perform the work and demanding payment of the amount due as required by Chapter 1513 of the Revised Code."

The foregoing section mandates that the Chief of the Division of Reclamation, appellant herein, terminate the surety's right to perform reclamation if the chief determines that the surety is reclaiming the land improperly. This section, however, does not mandate that termination of the surety's reclamation is the only remedy that the chief may pursue against a surety who elects to undertake reclamation for a defaulting permit holder. The fact that appellant has levied an assessment against PSI on the sediment pond violation does not necessarily mean that the surety has performed the total reclamation improperly in the determination of appellant. The alleged violation in issue was a somewhat minor violation as evidenced by the amount of the proposed penalty, which is $300. To require appellant to terminate reclamation by a surety in such a case would, in our view, not be feasible because it would force the state to find the means to complete a reclamation that was halted for a non-crucial, minor violation. By the same token, in order to ensure that reclamation standards are not violated with unbridled impunity, the civil penalty contained in R.C. 1513.02(F)(1) was enacted by the General Assembly, *inter alia,* to redress minor violations of reclamation standards short of having to terminate a reclamation performed by a surety.

As this court recently recognized in *State* v. *Tipka* (1984), 12 Ohio St. 3d 258, where the legislature creates alternative enforcement measures for a statute designed to protect the public health and safety it does so to provide an administrator with discretion to employ the most appropriate enforcement technique to secure compliance with the statute. In order to promote this goal, we find that the enforcement techniques afforded the Chief of the Division of Reclamation within R.C. Chapter 1513 are cumulative and not mutually exclusive. Therefore we reject the argument that termination was the exclusive remedy the appellant had at his disposal to rectify the alleged violation in issue.

Based upon all the foregoing, we find that the decision of the board of review is inconsistent with law, and we therefore reverse the judgment of the court of appeals and remand the cause to the board of review for further proceedings in accordance with this opinion and with law.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., LOCHER and DOUGLAS, JJ., concur.

HOLMES, J., dissents.

C. BROWN and WRIGHT, JJ., dissent separately.

CLIFFORD F. BROWN, J., dissenting. I must respectfully dissent from the majority's reversal of the judgment of the court of appeals in this case. It is undisputed that prior to September 1981, appellee-surety exercised its contractual option to complete reclamation work on behalf of its defaulting principal. Thereafter, effective September 1, 1981, the legislature amended R.C. 1513.02 to add civil penalties where none had previously existed. Thus, the possible civil penalty was not a risk the surety contracted to suffer when it entered into its contract, nor when it exercised its option to perform the work.

The state cannot retrospectively apply the penalty provisions of this statute to sureties who undertook work before the effective date of such provisions without increasing the surety's burdens under its contract. Section 28, Article II of the Ohio Constitution acts as a "bar against the state's imposing new duties and obligations upon a person's past conduct and transactions, and it is a protection for the individual who is assured that he may rely on the law as it is written and not later be subject to new obligations thereby." *Lakengren* v. *Kosydar* (1975), 44 Ohio St. 2d 199, 201 [73 O.O.2d 502]. Thus, the civil penalty statute is unconstitutional as applied to the facts of this case, because it imposes new obligations on the surety's exercise of its contractual option to undertake work on behalf of its principal.

Based on the foregoing, I would hold that the civil penalties could not be applied to the surety because the surety exercised its contractual option to complete reclamation work prior to the effective date of the statute which provided for civil penalties. To hold otherwise is to unconstitutionally impair the surety's rights and obligations under its contract.

Accordingly, I would affirm the judgment of the court of appeals.

WRIGHT, J., concurs in the foregoing dissenting opinion.