The STATE of Ohio, Appellee,

v.

PARKER, Appellant.

[Cite as *State v. Parker*, 186 Ohio App.3d 600, 2010-Ohio-1092.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 09 MA 136.

Decided March 18, 2010.

Paul Gains, Mahoning County Prosecuting Attorney, and Ralph Rivera, Assistant Prosecuting Attorney, for appellee.

Robert Duffrin, for appellant.

VUKOVICH, Presiding Judge.

{¶ 1} Defendant-appellant, Bradley Parker, appeals from his conviction in the Mahoning County Common Pleas Court for driving under the influence of alcohol ("DUI") in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(d), which is a fourth-degree felony because he had five or more previous DUI convictions in the last 20 years. Prior to pleading no contest to the DUI charge, he filed a motion to dismiss the DUI charge on the basis that the 20-year-look-back provision in R.C. 4511.19(G)(1)(d) violates the prohibitions against ex post facto laws that are found in the Ohio and United States Constitutions. The trial court denied the motion. We are now asked to decide whether that decision was correct. Thus, the issue before this court is whether the 20-year-look-back provision in R.C. 4511.19(G)(1)(d) is unconstitutional because it is an ex post facto law. Or in other words, since the 20-year-look-back provision was not in effect when the previous convictions were committed and those convictions are now an element of the current offense, which is used to raise the degree of the offense from a misdemeanor to a fourth-degree felony, is it an ex post facto law? For the reasons expressed below, we find that it is not an ex post facto law, and the judgment of the trial court is affirmed.

## STATEMENT OF THE CASE

{¶ 2} On April 30, 2009, Parker was indicted for DUI in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(d), after an officer from the Austintown Township Police Department on March 31, 2009, witnessed a vehicle driven by Parker go left of center four times on Route 46 in Mahoning County, Ohio. The indictment indicated that Parker had previously been convicted of five or more violations of R.C. 4511.19(A) or (B). Accordingly, the indictment charged Parker with a fourth-degree felony.

{¶ 3} Following his not-guilty plea, Parker filed, in addition to other motions, a motion to dismiss the charge on the basis that the 20-year-look-back provision in R.C. 4511.19(G)(1)(d) violates the prohibition against ex post facto laws. After

the state responded to the motion to dismiss, a hearing was held on the matter. Thereafter, the trial court denied the motion.

{¶ 4} The parties then entered into a plea agreement and agreed on a jointly recommended sentence. On June 8, 2009, Parker entered a no-contest plea, the trial court found him guilty of the offense, and sentencing was set for August 10, 2009. The trial court followed the jointly recommended sentence and sentenced Parker to 12 months of incarceration and three years of community control, fined him $1,350, suspended his driver's license for four years, and ordered him to participate in an alcohol and drug program authorized by R.C. 3793.02. Parker timely appeals.

## ASSIGNMENT OF ERROR

{¶ 5} "The application of the 20 year review of prior convictions, subjecting parker to a felony offense, contained in Ohio Revised Code § 4511.19(A)(1)(a), (G)(1)(d), violates Parker's constitutional protection from *ex post facto* laws."

{¶ 6} R.C. 4511.19(G)(1)(d) provides:

{¶ 7} "(G)(1) Whoever violates any provision of divisions (A)(1)(a) to (i) or (A)(2) of this section is guilty of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them.  * * * The court shall sentence the offender for either offense under Chapter 2929. of the Revised Code, except as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section:

{¶ 8} " * * *

{¶ 9} "(d) Except as otherwise provided in division (G)(1)(e) of this section, an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section or other equivalent offenses or an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree."

{¶ 10} The 20-year provision in (G)(1)(d) is the applicable provision in this instance, not the six-year provision. This 20-year-look-back provision was first enacted in 2004. Prior to that time, there was only a six-year-look-back provision that raised the DUI offense from a misdemeanor to a fourth-degree felony if within the prior six years, the offender had been convicted of three or more DUI offenses. Two of the previous convictions listed in Parker's indictment occurred after the enactment of the 2004 20-year-look-back provision. Those two convictions were his only DUI convictions that occurred within the last six years. Thus, for Parker, the only way that the offense at issue becomes a fourth-degree felony is if the 20-year-look-back provision is applicable to him.

{¶ 11} As that is the case, Parker argues that it is unconstitutional to apply the 20-year-look-back provision to him to raise the DUI offense from a misdemeanor to a fourth-degree felony because at the time he committed the other offenses the look-back provision and its sentencing structure were not in effect. In making this argument, he focuses on the fact that the five or more DUI convictions within the past 20 years is an element of the fourth-degree felony DUI; those prior convictions raise the degree of the DUI offense from a misdemeanor to a fourth-degree felony and must be proven by the state by proof beyond a reasonable doubt. He further contends that the statute is not merely a sentencing-enhancement statute for a recidivist, because an enhancement raises only the penalty within the range of possible sentences for the conduct; it does not raise the degree of the offense as is done in this case. For those reasons, he asserts that R.C. 4511.19(G)(1)(d) is unconstitutional because it violates the prohibition against ex post facto law.

{¶ 12} At the outset, we begin our analysis with the fundamental principle that a statute enacted in Ohio is presumed to be constitutional. *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 12, citing *State ex rel. Jackman v. Cuyahoga Cty. Court of Common Pleas* (1967), 9 Ohio St.2d 159, 161, 38 O.O.2d 404, 224 N.E.2d 906. Thus, Parker must establish beyond a reasonable doubt that the statute, R.C. 4511.19(G)(1)(d), is unconstitutional because it violates the prohibition against ex post facto laws. *Roosevelt Properties Co. v. Kinney* (1984), 12 Ohio St.3d 7, 13, 12 OBR 6, 465 N.E.2d 421.

{¶ 13} "Section 10, Article I of the United States Constitution provides that '[n]o State shall * * * pass any * * * ex post facto Law.' The Ohio Constitution contains a similar provision, Section 28, Article II." *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582, ¶ 14. The Ohio Supreme Court has stated that "[a]n ex post facto law ' "punishes as a crime an act previously committed, which was innocent when done, [or] which makes more burdensome the punishment for a crime, after its commission." ' [*State v. Cook*, 83 Ohio St.3d 404] 414, 700 N.E.2d 570, quoting *Beazell v. Ohio* (1925), 269 U.S. 167, 169–170, 46 S.Ct. 68, 70 L.Ed. 216." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 30.

{¶ 14} At the time the 2009 offense was committed, the 20-year-look-back provision had been in effect for a number of years. Thus, as the trial court noted, the current version of R.C. 4511.19(G)(1)(d) defined the crime and the penalty before Parker violated that statute by driving under the influence. This is not a situation where the penalty now being imposed on Parker was not in effect at the time of the commission of the offense. Thus, by the above Ohio Supreme Court definition, the 20-year-look-back provision is not an ex post facto law.

{¶ 15} Furthermore, while it is acknowledged that the 20-year-look-back provision uses past conduct to determine the classification and penalty for the current conduct, it does not punish past conduct or create new penalties for the past conduct. The Ninth Appellate District has found that although the 20-year-look-back provision considers conduct that occurred prior to the initial offense, it does not violate the prohibition against ex post facto laws. *State v. Midcap*, 9th Dist. No. 22908, 2006-Ohio-2854, 2006 WL 1541258. In support of that result, it reasoned:

{¶ 16} "The prohibition against retroactive laws is not a form of words; it is a bar against the state's imposing new duties and obligations upon a person's past conduct and transactions, and it is a protection for the individual who is assured that he may rely upon the law as it is written and not later be subjected to new obligations thereby. [*Personal Serv. Ins. Co. v. Mamone* (1986), 22 Ohio St.3d 107, 109, 22 OBR 189, 489 N.E.2d 785.]

{¶ 17} "The penalty enhancement provisions do not punish the past conduct; instead, they merely increase the severity of a penalty imposed for an OMVI violation that occurs after passage of the enhancement legislation. Ohio courts have long accepted recidivist statutes. Moreover, the United States Supreme Court has held that the state is justified in punishing a recidivist more severely than it punishes a first offender." Id. at ¶ 6–8.

{¶ 18} Similarly, although this court has not addressed the 20-year-look-back provision, we have previously determined that the previous five-year-look-back provision in R.C. 4511.99 (previous penalties section for violations of R.C. 4511.19) did not violate the prohibition against ex post facto laws. *State v. Masterlasco* (July 28, 1997), 7th Dist. No. 95CA174, 1997 WL 433582; *State v. Campbell* (1996), 115 Ohio App.3d 319, 685 N.E.2d 308. In *Campbell*, although the ex post facto argument was moot because appellant was a first time offender, in dicta, we stated that "a state is justified in punishing recidivists more severely than it punishes first time offenders." *Campbell*, 115 Ohio App.3d at 326, 685 N.E.2d 308. We relied upon that reasoning in *Masterlasco* to summarily overrule appellant's argument that R.C. 4511.19 violated the prohibition against ex post facto laws. Admittedly, the penalties section that was applicable in both *Campbell* and *Masterlasco*, R.C. 4511.99, did not designate that when the offender had committed one or two other DUI offenses in the past five years, the current DUI offense was a higher degree, i.e., a felony rather than a misdemeanor; it merely increased the penalty for the current DUI offense. However, despite that, we still agree with our reasoning that the state is justified in punishing recidivists more severely than it punishes first-time offenders and find that it equally applies to the 20-year-look-back provision.

{¶ 19} Moreover, in further support that the 20-year-look-back provision is not an ex post facto law, the Ohio Supreme Court uses the word "enhancement" to discuss the provision. *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 8–9. In *Brooke*, the Supreme Court did not address whether the provision violated the prohibition against ex post facto laws; rather it was determining whether a defendant's previous DUI conviction that resulted when the defendant was without counsel could be used as one of the previous convictions. In that case, the court acknowledged that the prior convictions were an essential element of the crime and must be proven by the state. Id. at ¶ 8. However, the court described the look-back provision as an enhancement statute. Id. at ¶ 9. As both parties in this case admit, an enhancement statute does not violate the prohibition against ex post facto laws. *In re Allen* (1915), 91 Ohio St. 315, 110 N.E. 535. Therefore, we find that the 20-year-look-back provision in R.C. 4511.19(G)(1)(d) is not an ex post facto law.

{¶ 20} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Judgment affirmed.

DONOFRIO and DEGENARO, JJ., concur.