[Cite as *State v. Cantwell*, 2013-Ohio-1685.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Respondent-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 12CA59 |
| DAVID A. CANTWELL | |
|     Applicant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Richland County Court of
Common Pleas, Case No. 2012-MIS-0039


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    April 25, 2013


APPEARANCES:


For Respondent-Appellee    For Applicant-Appellant


JAMES J. MAYER, JR.    KEITH A. YEAZEL
PROSECUTING ATTORNEY    5354 North High Street
RICHLAND COUNTY, OHIO    Columbus, Ohio 43214

By: JOHN C. NIEFT
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Hoffman, P.J.*

{¶1} Applicant-appellant David Cantwell appeals the June 29, 2012 Judgment Entry entered by the Richland County Court of Common Pleas, which denied his Application for Relief from Disability. Respondent-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} Appellant filed an Application for Relief from Disability in the Richland County Court of Common Pleas on June 7, 2012. Therein, Appellant stated he was convicted of robbery in 1970, and sentenced to a term of incarceration of 1 – 15 years in the Mansfield Reformatory. Appellant was released from prison in 1972, and completed parole in 1973. In his affidavit in support of his application, Appellant avers he is 64 years old, and lives in Kentucky. He has worked at the K&B Pawnshop since his release from prison in 1972. Appellant and his wife are approved foster parents in the state of Kentucky. Appellant explained restoration of his firearm rights is necessary in order for the Bureau of Alcohol, Tobacco, Firearms & Explosives to permit his wife's pawnshop to become a federally licensed firearms dealer.

{¶3} Appellee filed a response on June 15, 2012, asserting the trial court did not have jurisdiction pursuant to R.C. 2923.14, to grant the requested relief. Thereafter, Appellant filed a reply memorandum in support of his application for relief from disability. Appellee responded with a memorandum in support of dismissal of Appellant's application. Via Judgment Entry filed June 29, 2012, the trial court denied Appellant's application, finding it did not have jurisdiction to grant the requested relief.

{¶4} It is from that judgment entry Appellant appeals, assigning as error:

{¶5} "I. THE TRIAL COURT ERRED WHEN IT DENIED DAVID A. CANTWELL'S APPLICATION FOR RELIEF FROM DISABILITY ON THE GROUNDS THAT IT DID NOT HAVE JURISDICTION."

I

{¶6} R.C. 2923.14(A) sets forth the procedure for an applicant seeking relief from a disability. The statute specifically provides: "Any person who is prohibited from acquiring, having, carrying, or using firearms may apply to the court of common pleas in the county in which the person resides for relief from such prohibition."

{¶7} Appellant insists he properly filed his application in Richland County as the use of the word "may" in R.C. 2923.14(A) modifies the phrase "in the county in which the person resides." Thus, Appellant argues, the statutory language provides an applicant with an option of where to file his or her application. We disagree.

{¶8} In interpreting statutes, a reviewing court should make every effort to give effect to each word, phrase and clause. *Boley v. Goodyear Tire & Rubber Co.,* 125 Ohio St.3d 510, 2010–Ohio–2550, 929 N.E.2d 448, ¶ 21. In addition, "[s]tatutes must be construed, if possible, to operate sensibly and not to accomplish foolish results." *State ex rel. Saltsman v. Burton,* 154 Ohio St. 262, 268, 95 N.E.2d 377 (1950).

{¶9} In order to properly construe this statute, we must first look at the express wording of the statute. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 65 O.O.2d 296, 304 N.E.2d 378. We are instructed to give effect to the words of a statute and not modify an unambiguous statute by deleting words used or inserting words not used. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 218, 574 N.E.2d 457, 461. Simply stated, "an unambiguous statute means what it says." *Hakim v. Kosydar* (1977), 49

Ohio St.2d 161, 164, 3 O.O.3d 211, 213, 359 N.E.2d 1371, 1373, citing *Chope v. Collins* (1976), 48 Ohio St.2d 297, 300, 2 O.O.3d 442, 444, 358 N.E.2d 573, 575, fn. 2.

{¶10} We find the language of R.C. 2923.14(A) is unambiguous. The statute indicates a person with a disability "may" make an application for relief from such prohibition, and clearly states such application is to be made "in the court of common pleas in the county in which the person resides." We agree with Appellee the word "may" goes to the optional nature of making the application, and not the optional nature of where to establish venue. Such construction is logical given the county in which an applicant resides has the most interest in whether an applicant should be released from his disability.

{¶11} We find the trial court properly dismissed Appellant's application for lack of jurisdiction.

{¶12} Appellant's sole assignment of error is overruled.

By: Hoffman, P.J.

Wise, J. and

Baldwin, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Craig R. Baldwin_____
HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Respondent-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DAVID A. CANTWELL | : | |
| | : | |
| Applicant-Appellant | : | Case No. 12CA59 |

For the reason stated in our accompanying Opinion, Appellant's sole assignment

of error is overruled.  Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Craig R. Baldwin _____
HON. CRAIG R. BALDWIN