Coca-Cola Bottling Corporation, Appellant, *v.* Lindley, Tax Commr., Appellee.
Scott & Fetzer Company, Appellant, *v.* Lindley, Tax Commr., Appellee.
Cook United, Inc., Appellant, *v.* Lindley, Tax Commr., Appellee.
Heinen's, Inc., Appellant, *v.* Lindley, Tax Commr., Appellee.

2

(Nos. 77-580, 77-591, 77-595 and 77-596—
Decided April 5, 1978.)

3

*Messrs. Taft, Stettinius & Hollister, Mr. Stephen M. Nechemias* and *Mr. Jerold A. Fink,* for appellant Coca-Cola Bottling Corporation.

*Messrs. Jones, Day, Reavis & Pogue, Mr. Henry C. Harvey* and *Ms. Marie C. Grossman,* for appellant Scott & Fetzer Company.

*Messrs. Guren, Merritt, Sogg & Cohen, Mr. Charles R. Schaefer* and *Mr. Steven A. Belman,* for appellant Cook United, Inc.

*Messrs. Thompson, Hine & Flory, Mr. Robert A. Bergquist* and *Mr. Stephen L. Buescher,* for appellant Heinen's, Inc.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellee.

WILLIAM B. BROWN, J. The main issue raised by the instant cause is whether the requirement in R. C. 5733.12 that claims for franchise tax refunds be filed "within three years from the date of the illegal or erroneous payment of the tax" bars appellants from obtaining refunds on taxes which were calculable before, but not payable until after, R. C. 5733.12 went into effect.

Appellants contend that they are not barred from filing refund claims more than three years after they overpaid their franchise taxes because (1) the three-year filing deadline of R. C. 5733.12 runs not from the time that payment is made but from the time that payment is declared illegal, and (2) their refund claims are not governed by the three-year filing deadline of R. C. 5733.12

but by the five-year deadline provided for in former R. C. 5733.07 or in R. C. 5703.05(B).

I.

Appellants contend initially that the three-year filing period of R. C. 5733.12 does not begin to run until payment is declared to be illegal or erroneous by the courts. This position is not supported by the language of the statute.

R. C. 5733.12 provides, in pertinent part:

"The treasurer of the state shall refund to the corporation the amount of taxes paid illegally or erroneously, or paid on any illegal or erroneous assessment, with interest thereon as provided by section 5733.26 of the Revised Code. Applications shall be filed with the tax commissioner, on the form prescribed by him, *within ninety days from the date it is ascertained that the assessment or payment was illegal or erroneous,* provided that *in any event* such application for refund *must be filed* with the commissioner *within three years from the date of the illegal or erroneous payment* of the tax * * *." (Emphasis added.)

R. C. 5733.12 is clear. It treats illegal payment and ascertainment that payment is illegal as two separate events. The taxpayer under R. C. 5733.12 has three years after payment and only 90 days after ascertainment in which to request a refund. The fact that the statute treats payment and ascertainment as separate events deserving different filing periods clearly shows that the General Assembly did not intend to telescope payment and ascertainment.

Furthermore, the three-year deadline is absolute. The language of R. C. 5733.12 is mandatory and all inclusive— applications *must* be filed within three years, and they must be timely *in any event.*

Finally, contrary to appellants' contention, *Ohio Bell Telephone Co.* v. *Evatt* (1943), 142 Ohio St. 254, does not control the instant cause. Unlike the statute at issue in *Ohio Bell,* R. C. 5733.12 specifically deals with the issue of ascertainment and concludes that, "in any event," the application "must be filed with the commissioner within

three years from the date of the illegal or erroneous payment of the tax." Because R. C. 5733.12 clearly mandates a three-year deadline and states that the deadline controls regardless of the date of ascertainment, we have no cause to construe the statute liberally in favor of the taxpayer as we did in *Ohio Bell*. We find appellants' first argument to be without merit.[1]

## II.

Appellants contend further that the three-year refund deadline of R. C. 5733.12 does not govern their applications because they incurred tax obligations prior to the date on which R. C. 5733.12 became effective. They contend that to apply a refund provision that became effective in December 1971 to a pre-December 1971 tax obligation would be to violate R. C. 1.58 and to apply R. C. 5733.12 retroactively in derogation of Section 28, Article II of the Ohio Constitution. We are not persuaded that the application of R. C. 5733.12 in the instant cause violates either R. C. 1.58 or Section 28, Article II of the Ohio Constitution because the only rights or obligations of appellants which were fixed and the only conduct by appellants which occurred before R. C. 5733.12 became effective did not arise under the statute which R. C. 5733.12 replaced.[2]

Section 28, Article II of the Ohio Constitution provides that, "The General Assembly shall have no power to pass retroactive laws * * *."

Ohio's constitutional prohibition against retroactive

---

[1] It is established law that, "if a statute is not ambiguous, this court will merely ask 'what is the meaning of that which it [the General Assembly] did enact.'" *Ohio Utilities Co.* v. *Collins* (1976), 48 Ohio St. 2d 169, 171, quoting *State, ex rel. Foster,* v. *Evatt* (1944), 144 Ohio St. 65, paragraph seven of the syllabus.

[2] R. C. 5733.12 and former R. C. 5733.07 provide a substantive right —the right to a refund. Therefore, R. C. 5733.12 is different from the statute at issue in *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48, which was merely a statute of limitations (*Gregory, supra,* at page 53) giving rise to no substantive right independent of the right under the workmen's compensation laws which the retroactive application of the statute of limitations destroyed.

laws is designed to bar the General Assembly from passing new laws that "destroy an accrued substantive right" (*Gregory* v. *Flowers* [1972], 32 Ohio St. 2d 48, paragraph three of the syllabus) and that "reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time [the statute becomes effective]" (*Miller* v. *Hixson* [1901], 64 Ohio St. 39, 51). The prohibition against retroactive laws "is a bar against the state's imposing new duties and obligations upon a person's past conduct and transactions, and it is a protection for the individual who is assured that he may rely upon the law as it is written and not later be subject to new obligations thereby." *Lakengren* v. *Kosydar, supra* (44 Ohio St. 2d 199), at page 201.

It is not unconstitutional to apply a refund statute which became effective in December 1971 to taxpayers whose claim of overpayment stems from a tax obligation which was calculable before, but not payable until after,[*] the refund provision went into effect. R. C. 5733.12 is not retroactive as applied to the facts of the instant cause because, while it decreased appellants' refund filing period, it did not destroy an *accrued* right or change the legal significance of, or place new duties and obligations upon, appellants' *past* conduct and transactions.

This court's decision in *Lakengren, supra,* that a statute increasing taxpayer's tax liability was retroactive as applied to taxes calculable before the statute bringing about that increase was enacted is not controlling in the instant cause. The right at issue in the *Lakengren* case was the right to be taxed at no more than the pre-December 1971 tax rate. That right accrued when the taxpayer calculated, prior to December 1971, the net worth on which its franchise tax, payable a year later, was based. *Lakengren, supra,* at pages 202-203. Therefore, the tax provision in the *Lakengren* decision threatened to destroy an *accrued* right. Moreover, it threatened to impose new duties and obligations on

---

[*]R. C. 5733.01, 5733.03, 5733.04, 5733.05 and 5733.06.

and to change the legal significance of the taxpayer's *past* conduct. That conduct consisted of the company's business activity, its distribution and investment of the profits it had earned, and its retention of some of those profits with which to pay its tax obligation. *Lakengren, supra,* at page 202. The new obligation imposed on that conduct was the obligation to recalculate, on the basis of a post-December 1971 tax formula, the amount of tax due on pre-December 1971 income and to reallocate the profits from that previously earned income in order to pay the newly formulated tax. The application of a December 1971 tax formula to pre-December 1971 earnings in *Lakengren* was retroactive because it increased the taxpayer's tax liability, changed the legal significance of its pre-December 1971 earnings, and deprived it of the use of after-tax profits which it had calculated on the basis of the earlier tax formula and which it might have already spent.

No such retroactive effect occurs in the instant cause. Appellants had no accrued right under the predecessor of R. C 5733.12; the legal significance of appellants' pre-December 1971 conduct was not changed when R. C. 5733.-12 became effective; and appellants did not rely on the pre-December 1971 refund provision to their detriment. The right affected by R. C. 5733.12 is the right to apply for a refund. (R. C. 5733.12 states that the treasurer "shall refund * * * the amount of taxes paid illegally * * *.") That right had not accrued prior to the enactment of R. C. 5733.-12 because, in December 1971, appellants had not yet paid, and were not yet obligated to pay, the tax on which a refund could be made.[4] One cannot repay an amount which has not been paid. (See the definition of "refund," Webster's Third New International Dictionary; see, also, Annotation 46 A. L. R. 2d 1350, 1351, and Annotation 175 A. L. R. 1100.)

Furthermore, R. C. 5733.12 did not impose new duties and obligations on, or change the legal significance of, ap-

---

[4]See *Lakengren* v. *Kosydar* (1975), 44 Ohio St. 2d 199, at page 201.

pellants' pre-December 1971 conduct. The primary obligation imposed by the substitution of R. C. 5733.12 for former R. C. 5733.07 is the duty to file an application for a franchise tax refund within three, rather than five, years. Since appellants could not have begun to file those applications until after they paid their taxes, and since they did not pay franchise taxes on their 1971 earnings until after R. C. 5733.12 became effective, the enactment of R. C. 5733.12 did not impose new legal obligations on, or change the legal significance of, appellants' *past* conduct.

Moreover, unlike the taxpayer in *Lakengren,* appellants could not *rely* on a pre-December 1971 provision to their detriment. Appellants had notice of the shortened filing period at the time they triggered the right to a refund by paying their taxes. Although appellants could not know that this court would later hold that it was illegal to tax 1971 earnings on the post-December 1971 formula, they were placed on notice by R. C. 5733.12 that they would not receive any refunds, *for whatever reason those refunds might be due,* if they failed to file within the statute's three-year deadline. Because appellants did not rely to their detriment on rights accruing under R. C. 5733.07 and because the enactment of R. C. 5733.12 did not change the legal significance of appellants' pre-December 1971 conduct, we find that R. C. 5733.12 does not violate appellants' right under Section 28, Article II, not to be subjected to retroactive laws.

Appellants contend further that they are governed by the five-year deadline of former R. C. 5733.07, rather than by R. C. 5733.12, because the application of R. C. 5733.12 to the instant cause violates R. C. 1.58. R. C. 1.58 sets forth certain statutory guidelines concerning the effect of the reenactment, amendment or repeal of statutes. R. C. 1.58 provides, in pertinent part:

"(A) The reenactment, amendment, or repeal of a statute does not * * *;

"* * *

"(2) Affect any validation, cure, right, privilege, obli-

gation, or liability previously acquired, accrued, accorded, or incurred *thereunder* * * *." (Emphasis added.)

Appellants argue that applying R. C 5733.12 rather than former R. C. 5733.07 to the instant cause violates R. C. 1.58 because, at the time that R. C. 5733.12 was substituted for former R. C. 5733.07, appellants had an "obligation" or "liability" for franchise tax "under the pre-existing statute." That argument is without merit. The fact that appellants were obligated to calculate the franchise tax at issue in the instant cause before R. C. 5733.-12 became effective does not support appellants' statutory challenge to R. C. 5733.12 any more effectively than it supported appellants' claim that the application of R. C 5733.-12 to the instant cause is retroactive. Appellants' obligation to calculate that franchise tax did not arise out of the statute which R. C. 5733.12 replaced. R. C. 1.58 requires that a statute be applied after its repeal only if that repeal affects a right or obligation, or any remedy in respect of such right or obligation, previously acquired "thereunder." The General Assembly's use of the word "thereunder" makes it clear that R C. 1.58 applies only if the right or obligation has been acquired under the statute replaced by the statute under challenge. The statute challenged by appellants is R. C. 5733.12. The statute repealed by R. C. 5733.12 is former R. C. 5733.07. The rights and obligations which appellants assert arose out of former R. C. 5733.05. We, therefore, hold that the application of R. C. 5733.12 in the instant cause is not in derogation of R. C. 1.58.

### III.

Appellants also contend that the application of R. C. 5733.12 to the instant cause violates the Equal Protection and due process Clauses of the United States and Ohio Constitutions.[5]

R. C. 5733.12 does not violate the due process clauses of the Ohio and United States Constitutions. It grants

[5]Sections 2 and 16, Article I of the Ohio Constitution.

three years after payment and 90 days after ascertainment in which to initiate refund proceedings. That is not an unreasonably short refund filing period. *Kentucky Union Company* v. *Kentucky* (1911), 219 U. S. 140.[e]

Moreover, R. C. 5733.12 does not deprive appellants of their right to equal protection of the laws. The classification at issue in the instant cause singles out taxpayers who filed for a refund within three years after they paid franchise tax on their pre-1971 earnings from those who did not. That classification rests upon a "ground of difference having a fair and substantial relation to the object of the legislation." *F. S. Royster Guano Co.* v. *Virginia* (1919), 253 U. S. 412, 415; *Allied Stores of Ohio* v. *Bowers* (1959), 358 U. S. 522, 527. R. C. 5733.12, like other refund statutes, serves a number of purposes, including encouraging the prompt payment of taxes by taxpayers who might otherwise delay payment for fear that an overpayment could not be rectified (see *State, ex rel. Ellsworth,* v. *Mong* [1936], 130 Ohio St. 483, 484). Most important, however, it gives effect to the moral obligation of the state to return money erroneously or illegally paid to it. *Will of Heinemann* (1930), 201 Wis. 484, 489, 230 N. W. 698; *Raleigh County Bank* v. *Sims* (1952), 137 W. Va. 599, 604, 73 S. E. 2d 526. The differing treatment, under R. C. 5733.12, of taxpayers who do and do not file an application for refund within three years of payment bears a "fair and substantial relation" to that object. Without providing some time limitations on the procedure for claiming refunds, the state could not prevent stale claims and insure that its determinations of what is or is not an illegal or erroneous overpayment are correct. Furthermore, by placing some limitations on the moral duty which the state owes,

---

[e]This court, having determined that the application of R. C. 5733.12 in the instant cause is not retroactive, does not find it necessary to decide whether that statute offends substantive due process. See Notes, The Retroactive Application of Ohio Statutes (1969), 30 Ohio St. L. J. 401, 405; Hochman, The Supreme Court and the Constitutionality of Retroactive Legislation (1960), 73 Harv. L. Rev. 692.

R. C. 5733.12 insures that providing refunds does not become so burdensome to the state that it is discouraged from behaving ethically. *Will of Heinemann, supra.* We, therefore, find that R. C. 5733.12 does not deprive appellants of due process or of equal protection of the laws.[7]

For the foregoing reasons we find that the three-year refund deadline of R. C. 5733.12 applies to the instant cause and that, therefore, the determinations of the Board of Tax Appeals are reasonable and lawful. The decisions of the Board of Tax Appeals are affirmed.

*Decisions affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.

---

[7]Appellant Scott & Fetzer Company contends, in addition, that the Tax Commissioner has the authority, in the instant cause, to issue a certificate of abatement pursuant to R. C. 5703.05(B).

R. C. 5703.05(B) provides, in pertinent part:

"Exercising the authority provided by law relative to remitting or refunding taxes or assessments, including penalties and interest thereon, illegally or erroneously assessed or collected, or for any other reason overpaid * * * the commissioner may on written application of any person, firm, or corporation claiming to have overpaid to the treasurer of state at any time within five years prior to the making of such application any tax payable under any law which the department of taxation is required to administer *which does not contain any provision for refund,* or on his own motion investigate the facts and * * * issue in triplicate a certificate of abatement * * *." (Emphasis added.)

Assuming, *arguendo,* that Scott & Fetzer Company has properly applied for an abatement under R. C. 5703.05(B), it is still precluded from being granted an abatement because R. C. 5733.12 contains a specific provision for a refund.

Appellant Coca-Cola Bottling Corporation argues that one who has made an overpayment of tax is entitled to receive interest on that overpayment pursuant to R. C. 5733.26(B) regardless of whether the Tax Commissioner had jurisdiction to consider the taxpayer's application for a refund. Since this issue was not raised by appellant below it is not necessary for this court to address it.