RIVERS *v.* KAIRIS.

(No. 81CV-09-5174—Decided April 13, 1982.)

Court of Common Pleas of Franklin County.

*Mr. Charles W. Gayton,* for plaintiff.
*Mr. Michael M. Haran,* for defendant.

WEST, J.    This is an action for wrongful death and personal injuries filed September 29, 1981. It is alleged the decedent died July 22, 1981 as the result of injuries received July 21, 1981 when he was struck by a car driven by the defendant. The action is brought for the benefit of the decedent's widow and five adult daughters and includes a claim for their pecuniary injury as provided under R.C. 2125.02 at the time the cause of action arose.

The law covering actions for wrongful death has been changed effective February 5, 1982, so that the measure of damages is no longer just the pecuniary injury to the survivors but the injury and loss to the beneficiaries. Compensatory damages may now be awarded and they may include: loss of support; loss of services; loss of society, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education; loss of prospective inheritance and mental anguish.

Plaintiff has filed a motion for an order granting leave to file an amended complaint to claim the expanded damages now allowed.

Ruling on this motion involves a determination of whether amendments to the wrongful death statutes which became effective February 5, 1982 are prospective or if they are retrospective so as to cover causes of action arising prior to that date. As enacted, the new legislation does not address this question.

The court takes judicial notice of the legislative history of Am. Sub. H.B. No. 332 which gave us our present versions of R.C. 2125.01, 2125.02 and 2125.03.

The Bill in question when originally introduced and as initially passed by the House provided in Section 3 that the amendments "* * * are hereby declared to be remedial in nature and shall apply to causes of action that have accrued prior to the effective date of this act, and causes of action that are the subject of actions pending in courts on that date."

The Bill was reported by the Senate Judiciary Committee with Section 3 changed to provide that the amendments to the wrongful death statutes: "* * * are hereby declared to be remedial in nature and shall apply to untried causes of action that have accrued within two years prior to the effective date of this act."

When the Bill came to the floor of the Senate, all of Section 3 was deleted by amendment. The Bill was passed by the Senate on October 21, 1981 without any provision for its retroactivity. The House, on October 29, 1981, concurred with the Senate's version of the Bill and it was sent to the Governor who signed it November 6, 1981.

Under the Ohio Supreme Court interpretations given the Ohio Constitution and the sections of the Revised Code which set forth the rules of construction,

all statutes operate prospectively only, unless a contrary intention is expressed in the legislation; but this general rule is qualified by one exception, which is that remedial legislation operates retroactively on pending causes of action.

Section 28, Article II of the Ohio Constitution provides:

"The general assembly shall have no power to pass retroactive laws, or laws impairing the obligations of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intentions of parties and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of Ohio."

Applicable rules of construction the courts must follow include:

R.C. 1.11 which states that remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice;

R.C. 1.48 which provides that a statute is presumed to be prospective in its operation unless expressly made retroactive; and,

R.C. 1.58 which provides in pertinent part that the amendment of a statute does not affect the prior operation of the statute or any right or liability incurred thereunder.

The legislation involved does not expressly make retroactive the amendments to the wrongful death statutes and before enactment the legislature deleted two different provisions for retroactivity.

The rejection by the legislature of a specific provision contained in an Act as originally reported has been held most persuasive to the conclusion that the Act should not be so construed as in effect to include that provision. *Caldwell* v. *State* (1926), 115 Ohio St. 458.

If it is doubtful whether it was intended that the Act should operate retrospectively, the doubt should be resolved against such operation. *Cowen* v. *State* (1920), 101 Ohio St. 387.

Regardless of the intent of the legislature, if the amendments enacted are substantive changes, the Ohio Constitution limits them to prospective application. The prohibition against retroactive laws is a bar against the state's imposing new duties and obligations upon a person's past conduct and transactions. *Coca-Cola Bottling Corp.* v. *Lindley* (1978), 54 Ohio St. 2d 1 [8 O.O.3d 1].

The question then becomes whether R.C. 2125.02 as amended effective February 5, 1982 is remedial and procedural or substantive.

Substantive law is that which creates duties, rights and obligations, while procedural or remedial law prescribes the methods of enforcement of rights or obtaining redress. *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70 [45 O.O.2d 370].

Numerous states have held that legislation abolishing the statutory ceilings on recoveries in wrongful death cases could not be applied to pending claims, but only to causes accruing after the effective date of the legislation. 1 Speiser, Recovery for Wrongful Death 2d 693, Section 7.2 (1975).

This court holds that the wrongful death statutes, as amended effective February 5, 1982, substantially alter the dimension and character of wrongful death actions after the date on which this cause arose and are not merely remedial.

The amendments create rights to a broad range of compensatory damages. They substantially affect the amount of recovery possible and cannot be given a retroactive effect.

Even if the court found the amendments to be remedial, the fact the legislature considered two separate provisions to make the amendments retroactive and then rejected them prohibits the court from construing the Act as if it included either of those provisions. The

8

court can only construe or interpret the law and apply what the law is, not what the court thinks it should be.

Accordingly the motion of plaintiff to amend the complaint is overruled.

*Motion overruled.*