OPINION
On April 28, 1995, appellee, Selma Doering, filed a complaint against appellant, Robert Gogerty, for back rent on the rental of a store room. By report filed May 30, 1995, the referee found in favor of appellee in the amount of $1,600. The trial court approved this report on June 14, 1995.
On June 16, 1995, appellant filed an objection to the referee's report. On May 9, 1997, appellant filed a motion to enforce stay and for ruling on the objection. The trial court denied this motion on May 12, 1997. Thereafter, by judgment entry filed July 30, 1997, the trial court denied appellant's objection.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED IN FAILING TO RULE UPON APPELLANT'S OBJECTION WITHIN A REASONABLE PERIOD OF TIME.
II
 THE TRIAL COURT'S JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I, II
Appellant claims the trial court erred in failing to timely rule on his objection. Appellant claims the trial court's delay "when associated with the destruction of the record of the trial" resulted in prejudice because appellant was "unable to present the record of the trial to this tribunal for review." See, Appellant's Brief at 5. Appellant further argues the trial court's decision was against the manifest weight of the evidence. We disagree.
Appellant's June 16, 1995 objection was timely filed. See, then Civ.R. 53 (E)(2) [now Civ.R. 53 (E) (3) (a)] and Civ.R. 6 (E). The trial court did not rule on this objection until July 30, 1997. Although we agree the trial court's delay of over two years to rule on the objection was unreasonable, we find the delay did not prejudice appellant.
Appellant's objection alleged issues of fact. In State exrel Duncan v. Chippewa Township Trustees (1995), 73 Ohio St.3d 728,730, the Supreme Court of Ohio held "[w]hen a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report * * *." In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
In the case sub judice, appellant did not submit any evidence or documents to the trial court. Appellant never requested a transcript of the referee's hearing or filed an affidavit for the trial court's review. Even if the trial court had ruled within a reasonable time and appellant would have been able to "present the record of the trial" for our review, we would have been "precluded from considering the transcript of the hearing submitted with the appellate record." State ex rel. Duncan at 730. Our review is limited to those materials in the record which were before the trial court. State v. Ishmail (1978), 54 Ohio St.2d 4.
The trial court did not have a "record of the trial" before it at any time after the June 16, 1995 objection. Pursuant to appellee's complaint and the attached lease, the only evidence and documents in the record, we find the trial court did not abuse its discretion in approving the referee's report.
Assignments of Error I and II are denied.
The judgment of the Massillon Municipal Court of Stark County, Ohio is hereby affirmed.
By Farmer, P.J., Wise, J. and Hoffman, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997 CA 00255
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Massillon Municipal Court of Stark County, Ohio is affirmed.