OPINION
Defendant-appellant Arna McKee appeals the November 25, 1998 Judgment Entry of the Licking County Municipal Court which entered judgment against her in the amount of $2,907.61 plus interest. Plaintiff-appellee is Katrina Fogress.
STATEMENT OF THE CASE AND FACTS, Appellee purchased a car from her aunt, appellant herein. The parties agreed the purchase price would be appellee's assumption of the remaining car payments on appellant's loan. The parties did not notify the bank of the agreement and appellant remained the actual debtor. Appellee made nine payments of $293.00 per month on the loan. Subsequently, appellant repossessed the car, claiming appellee had made late payments and because appellant felt appellee did not have sufficient insurance on the vehicle. On August 19, 1997, appellee filed a small claims action in Licking County Municipal Court alleging appellant wrongfully repossessed her car. Appellee requested damages to compensate her for the money she had expended on the car. On September 9, 1997, appellant filed a counterclaim for late charges, interest accrued on the late charges, phone calls, missed hours at work, loss of value on vehicle, repairs, and damage to her credit. In a December 26, 1997 Magistrate's Decision, the magistrate found the parties had an enforceable contract for the sale of the vehicle and appellee had substantially complied with the contract. The magistrate further found appellant breached the contract by unjustifiably repossessing the vehicle. The magistrate entered judgment in favor of appellee in the amount of $2,637 plus interest, which sum represented reimbursement for the payments appellee made on the car loan. On January 9, 1998, appellant filed her objections to the magistrate's decision. In a May 20, 1998 Judgment Entry, the trial court remanded the matter to the magistrate for a recomputation of damages. The trial court's order states in pertinent part: Damages due Plaintiff in this action shall be recomputed utilizing the following formula. (1) Determine what the fair market value of the vehicle was when repossessed by the Defendant. If the $1,700.00 sale price to the [third party purchaser] represents an arms length transaction then this figure may be utilized. (2) Subtract from that amount any amounts paid by the Defendant to the bank to pay off the loan after she repossessed the vehicle. (3) The difference between number one and number two is the amount the Plaintiff shall be entitled to plus her court costs in this matter.
The magistrate shall compute the amount of damages due Plaintiff following a hearing on the matter.
The magistrate conducted a hearing on July 29, 1998. In a July 30, 1998 Amended Magistrate's Decision, the magistrate entered judgment in favor of appellee in the amount of $2,907.61, plus interest. On August 6, 1998, appellant filed a Request for Findings of Facts and Conclusions of Law. In an August 13, 1998 "Findings of Fact; Conclusions of Law" the magistrate stated as follows: This matter came on for consideration based upon the request for findings of facts and conclusions of law filed by defendant. The magistrate finds that all the pertinent findings of facts and conclusions of law are contained in the magistrate's decision and amended magistrate's decision filed herein, and therefore no further findings or conclusions shall issue.
On October 7, 1998, appellant filed her objections to the magistrate's decision and a request for a trial de novo. In a November 3, 1998 Judgment Entry, the trial court overruled appellant's objection and request for a trial de novo. On November 17, 1998, appellant filed an additional motion requesting the trial court, pursuant to Civ.R. 53(E), address the objections raised in appellant's objections to the amended magistrate's decision. In a November 25, 1998 Nunc Pro Tunc Judgment Entry, the trial court adopted the amended magistrate's decision and entered judgment in favor of appellee in the amount of $2,907.61 plus interest. It is from this judgment entry appellant prosecutes her appeal assigning the following as error:
I. THE TRIAL COURT ERRED BY ADOPTING THE AMENDED MAGISTRATES DECISION AS IT WAS NOT IN COMPLIANCE WITH ITS OWN REMAND ORDER.
II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S REQUEST FOR A TRIAL DE NOVO SINCE THERE WAS NO EVIDENCE TAKEN, TESTIMONY ELICITED OR CROSS EXAMINATION CONDUCTED AT THE REMAND HEARING.
III. THE TRIAL COURT ERRED IN (TACITLY) ADOPTING A MAGISTRATES DECISION WHERE THE MAGISTRATE REFUSED TO ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW DESPITE THERE BEING FILED A TIMELY REQUEST FOR THE SAME.
IV. THE TRIAL ERRED IN ADOPTING A MAGISTRATES DECISION THAT APPLIED NO CONTRACTUAL PRINCIPLES OR LAW AND MADE FINDINGS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
In her first assignment of error, appellant maintains the trial court erred in adopting the amended magistrate's decision as it was not in compliance with the trial court's remand order. We disagree. An appellate court will not consider any error which the party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been corrected or avoided by the trial court. Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207 As stated above, the trial court remanded the action to the magistrate for recomputation of damages. The magistrate was first to determine the fair market value of the vehicle at the time of repossession. The trial court specifically stated "if the $1700 sale price to the [subsequent purchasers] represents an arms length transaction then this figure may be utilized." (Emphasis added). We have reviewed the transcript and find appellant made no objection to the magistrate's reference to the NADA book in order to establish the value of the car. T. at 4-6. Accordingly, this argument is waived. Because we find the magistrate conducted the inquiry with regard to the fair market value of the vehicle at the time of repossession in accordance with the remand order, appellant's first assignment of error is overruled.
 II
In her second assignment of error, appellant contends the trial court erred in overruling her request for a trial de novo since there was no evidence taken, testimony elicited or cross examination conducted at the remand hearing. We do not agree. We have examined the transcript and find no indication appellant raised any objection relating to evidence admitted or the trial court's failure to admit some particular piece of evidence. In fact, the trial court asked the parties for evidence (T. at 4), received evidence (T. at 4-28), and then asked the parties if they wished to present "anything else." (T. at 28). We find no merit in appellant's second assignment of error. Appellant's second assignment of error is overruled.
 III
In her third assignment of error, appellant argues the trial court erred in adopting the magistrate's decision where the magistrate refused to issue findings of fact and conclusions of law despite a timely request being filed. We do not agree. In an August 13, 1998 Entry, the magistrate stated "the magistrate finds that all pertinent findings of fact and conclusions are contained in the magistrate's decision and amended magistrate's decision filed herein, and therefore no further findings or conclusions shall issue". We agree. In the July 30, 1998 Amended Magistrate's Decision, the magistrate determined the fair market value of the vehicle at the time of repossession as ordered by the trial court. The magistrate also made findings of the fair market value, and concluded judgment should be entered in favor of plaintiff in the amount of $2,907.61 in accordance with the formula provided by the trial court in the remand order. Because we find the magistrate did make findings of fact and conclusions of law, we find appellant's argument without merit. Appellant's third assignment of error is overruled. IV In her fourth assignment of error, appellant argues the trial court erred in adopting a magistrate's decision which applied no contractual principles or contract law and made findings against the manifest weight of the evidence. We find no record demonstration to support appellant's conclusory allegation the magistrate applied no contractual principles or law. We note at this juncture, appellant failed to file a transcript of the original hearing before the magistrate either with the trial court or with this Court. Our review on appeal is limited to those materials in the record which were before the trial court. See, State v. Ishmail (1978), 54 Ohio St.2d 4. Civ.R. 53(E)(3)(b) further provides, in pertinent part: (b) Form of Objections. . . . Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.
Because appellant failed to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established. Strunk v. Strunk, (Nov. 27, 1996), Muskingum App. No. CT96-0015, unreported. Appellant's fourth assignment of error is overruled. The November 28, 1998 Judgment Entry of the Licking County Municipal Court is hereby affirmed.
By: Hoffman, J. Gwin, P.J. and Edwards, J. concur