OPINION
Defendant-appellant Donald R. Feagin appeals two January 21, 2000 Judgment Entries of the Richland County Court of Common Pleas wherein the trial court accepted his no contest pleas, and two May 26, 2000 Judgment Entries sentencing appellant thereon. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
In September of 1998, appellant was indicted on twelve counts of non-support of dependents, in violation of R.C. 2919.21(A)(2). The first four counts resulted from nonpayment of support during the period of 1993 through 1994. The second four counts resulted from nonpayment of support during the period of 1995 through 1996. The last four counts resulted from nonpayment of support during the period of 1997 through 1998. The first eight counts of the indictment were charged as felonies of the fourth degree and the last four counts were charged as felonies of the fifth degree. At a January 21, 2000 hearing, appellant elected to be sentenced under post Senate Bill 2 law, effectively amending the level of the indicted offenses to four counts of felonies of the fourth degree and eight counts of felonies of the fifth degree. In a January 21, 2000 Judgment Entries, appellant pled no contest to counts 1 through 4, felonies of the fourth degree. In a separate January 21, 2000 Judgment Entry, appellant pled no contest to counts 5 through 12, felonies of the fifth degree. The trial court accepted appellant's no contest pleas and reserved a finding pending appellant's application to a diversion program. Appellant was subsequently rejected from the diversion program. In an April 14, 2000 Judgment Entry, the trial court found appellant guilty of the charges and ordered a presentence investigation. The trial court conducted a sentencing hearing on May 25, 2000. After the hearing, the trial court sentenced appellant in two sentencing judgment entries, each filed on May 26, 2000. The first entry sentenced appellant on "Counts 1 through 6 (F-4's)." The trial court sentenced appellant to one year for each of the six counts, to be served consecutive to each other, but concurrent with Counts 7 through 12. The trial court noted Counts 7 through 12 were felonies of the fifth degree. In the second sentencing entry, also filed May 26, 2000, the trial court sentenced appellant on Counts 7 through 12, noting each of these counts to be felonies of the fifth degree. For Counts 7 through 12, the trial court sentenced appellant to one year for each count, each to be served consecutive to each other, but concurrent with Counts 1 through 6. Appellant now appeals from the two January 21, 2000 Judgment Entries, which accepted his no contest pleas, and the two May 26, 2000 Sentencing Entries. Appellant assigns the following errors:
 I. THE COURT ABUSED ITS DISCRETION IN ACCEPTING THE DEFENDANT-APPELLANT'S PLEA AND SENTENCING HIM THEREON, WHERE THE DEFENDANT-APPELLANT'S PLEA WAS NOT VOLUNTARILY MADE, WHERE THE COURT DID NOT COMPLY WITH THE OHIO RULES OF CRIMINAL PROCEDURE, AND WHERE THE COURT DID NOT COMPLY WITH THE OHIO REVISED CODE, SECTION 2943.032.
 II. THE TRIAL COURT ABUSED ITS DISCRETION AND TRIAL COUNSEL WAS INEFFECTIVE WHERE THE DEFENDANT-APPELLANT PLEAD NO CONTEST TO AND WAS SENTENCED ON FELONY NONSUPPORT CHARGES.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT-APPELLANT WHERE IT DID NOT COMPLY WITH THE OHIO REVISED COSDE [SIC] SECTIONS REGARDING SENTENCING.
 I
Appellant makes two separate arguments within his first assignment of error. First, appellant maintains the trial court failed to comply with Crim.R. 11(C) and (F) by failing to set forth the plea agreement on the record. Appellant contends appellant was unaware the maximum penalty for the offenses could apply to him because he believed he would receive diversion in exchange for his plea. Therefore, appellant argues his plea was not voluntarily made. Appellee maintains it would have been impossible for the trial court to state a plea agreement on the record, because no such plea agreement existed. In addition, appellant maintains the trial court erred in failing to comply with R.C. Section 2943.032. In the first portion of appellant's first assignment of error, appellant maintains the trial court failed to comply with Crim.R. 11(C) and (F) because it failed to state the underlying plea agreement upon which appellant entered his plea of no contest on the record in open court. Crim.R. 11 provides, in pertinent part:
(C) Pleas of guilty and no contest in felony cases
 * * * (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
* * *
(F) Negotiated plea in felony cases
When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court.
Our review on appeal is limited to those materials in the record which were before the trial court. See, State v. Ishmail (1978), 54 Ohio St.2d 4. We note no written plea agreement appears in the record. Further, no such plea agreement was stated or referenced in the transcript of the plea hearing, and no evidentiary quality material was presented to the trial court in filings subsequent to the imposition of sentence evidencing a plea agreement. The record does not affirmatively demonstrate the error claimed. Accordingly, this portion of appellant's first assignment of error is overruled. R.C. 2943.032 requires a trial court to inform the defendant of specific ramifications of the guilty or no contest plea. The statute provides, in pertinent part: Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony and if the court imposes a prison term upon the defendant for the felony, all of the following apply:
 (A) The parole board may extend the stated prison term if the defendant commits any criminal offense under the law of this state or the United States while serving the prison term.
 (B) Any such extension will be done administratively as part of the defendant's sentence in accordance with section 2967.11 of the Revised Code and may be for thirty, sixty, or ninety days for each violation.
 (C) All such extensions of the stated prison term for all violations during the course of the term may not exceed one-half of the term's duration.
 (D) The sentence imposed for the felony automatically includes any such extension of the stated prison term by the parole board.
 (E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months.
Appellant contends the trial court failed to apprise him of the conditions set forth in R.C. 2943.032. At the January 21, 2000 plea hearing, the following dialogue took place on the record:
THE COURT: * * *
 Mr. Feagin, we've gone through your rights. No question in my mind you understand what the rights are. The penalty in this matter is substantial. We're talking about a long, long time in a penal institution. Twelve charges. Twelve charges. * * *
* * *
 Any violation of the rules after you got there could get you another 50 percent more time. In other words, I sentence you to 18, they can keep you for 27. If I sentence you for 10, they can keep you for 15. If I sentence you for 14, they can keep you for 21. * * *
 All right. On these fifth degree felonies, you go to the institution, I've already — well, I've indicated, and I indicated wrongly, if you go to the institution, you cannot be sentenced to 14 years on those charges. You can only be sentenced to eight. But that could be set out to 12 years if you violate the institutional rules.
 On the fourth degree felonies, you could be considered for early release and for good time served, and if you got four years — four terms on there, it could be up to six years, but you'd only serve of good time about four years. In any case, it's a long, long time.
 On the new charges, after you've been in the institution for whatever time I sentence you to, you could be released on post-release control and go back to the institution for a number of months if you fail to abide by the terms of post-release control. I can put you on community control, and we used to call it probation, for a period of up to five years. Any violation of community control rules would take you to the institution for up to 14 years with a fine of up to $30,000.
* * *
 All right. Told you that there's four counts of fourth degree felony, eight counts of fifth degree felony. Total maximum terms of 14 years. Total maximum fine of $30,000. What are your pleas to these charges?
MR. FEAGIN: No contest.
January 21, 2000 Hearing Transcript at 11-16.
When constitutionally mandated rights are at stake, a defendant must be "meaningfully informed" of the constitutionally guaranteed rights to be waived. See, Crim. 11(C). The trial court's failure to meaningfully inform a defendant he or she is waiving these rights by pleading guilty or no contest renders the plea constitutionally infirm. See, State v. Ballard 66 Ohio St.2d 473, 478. However, when dealing with the waiver of non constitutional elements mandated by rule or by statute, the trial court need only "substantially comply" with the rule or statute. Id. at 475. Where the record discloses the trial court has personally addressed a defendant during his plea hearing and has informed him of his constitutional rights, not informing the defendant of one of the non-constitutional rights is not prejudicial error and is subject to the substantial-compliance rule. Id. "Substantial compliance means that under the totality of the circumstances the defendant objectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106. A defendant challenging his guilty plea must show the lack of compliance with this rule had a prejudicial effect. State v. Stewart (1977), 51 Ohio St.2d 86, 108. We find the trial court substantially complied with each of the subsections of R.C. 2943.032 in the above-quoted colloquy. We also note compliance with subsections (A)-(D) may no longer be necessary after State ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132, wherein the Ohio Supreme Court found "bad time" to be unconstitutional. For these reasons, the second portion of appellant's first assignment of error is overruled.
 II
In appellant's second assignment of error he maintains the trial court abused its discretion in imposing sentence because he had an un-asserted affirmative defenses to the charges. For the same reason, appellant also argues in this assignment his trial counsel was ineffective for failing to raise such affirmative defenses. Specifically, appellant maintains he was unable to provide the required support, but did provide support which was within his ability and means. However, we are without record evidence to assess the merits of appellant's claims. Accordingly, this portion of appellant's second of assignment of error is overruled. See Ishmail, supra. Appellant also maintains he was deprived effective assistance of counsel where trial counsel did not raise other pertinent defenses, to wit: the fact appellant had paid support, albeit not through the Child Enforcement Agency; the fact appellant had apparent mental or physical disabilities (appellant's brief does not state which); appellant was on Veteran's Administration Disability and food stamps; and appellant was not permitted to establish his ability to pay support over the years at issue. The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373; State v. Combs, supra. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. Appellant is again without record evidence to support a demonstration either prong of the standard announced in Strickland has been met. Accordingly, this portion of appellant's second assignment of error is overruled. Appellant also maintains he was improperly charged with twelve felonies because there had been no prior court finding he had failed to provide support pursuant to R.C. 2919.21(A)(2). We disagree. R.C. 2919.21(A) provides in pertinent part:
 (A) No person shall abandon, or fail to provide adequate support to:
* * *
 (2) The person's child who is under age eighteen, or mentally or physically handicapped child who is under age twenty-one;
* * *
 (G)(1) Except as otherwise provided in this division, whoever violates division (A) or (B) of this section is guilty of nonsupport of dependents, a misdemeanor of the first degree. If the offender previously has been convicted of or pleaded guilty to a violation of division (A)(2) or (B) of this section or if the offender has failed to provide support under division (A)(2) or (B) of this section for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks were consecutive, then a violation of division (A)(2) or (B) of this section is a felony of the fifth degree. If the offender previously has been convicted of or pleaded guilty to a felony violation of this section, a violation of division (A)(2) or (B) of this section is a felony of the fourth degree. * * *
(Emphasis added).
At the sentencing hearing, appellant admitted he had paid only $150 in child support. This left an arrearage of over $140,000 in back support. Tr. of May 25, 2000 Sentencing Hearing at 3, 8. Because R.C. 2919.21 does not require a prior conviction to enhance the charge from a misdemeanor to a felony, we see no error in the trial court's acceptance of appellant's no contest plea. For the same reasons, we cannot find appellant's trial counsel was ineffective for failing to argue any such "improper" enhancement from misdemeanor to felony charges of non-support. Appellant's second assignment of error is overruled.
 III
In appellant's third assignment of error, he maintains the trial court erred in failing to comply with R.C. 2929.11, 2929.12, 2929.13, and 2929.14 in determining an appropriate sentence. We agree. R.C. 2929.14
governs the imposition of prison terms for felony offenses. As it relates to felonies of the fourth and fifth degree, the statute provides, in relevant part:
2929.14 PRISON TERMS
* * *
 (A)(4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.
 (5) For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months. * * *
R.C. 2929.14 provides additional requirements before a trial court may impose more than the shortest prison term, the maximum prison term, or consecutive prison terms:
 (B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 (C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
* * *
(E) * * *
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
(Emphasis added).
As noted in the Statement of the Case and Facts, supra, appellant pled no contest to counts 1-4 as felonies of the fourth degree. There was also some record indication appellant had never served a prison term. Accordingly, before the trial court could impose more than the minimum prison term for appellant's offenses, it was required to make the findings set forth above in R.C. 2929.14(B). Further, before the trial court could impose consecutive sentences on these counts, it was required to make the findings set forth in R.C. 2929.14(E)(4). Accordingly, we vacate the May 26, 2000 Sentencing Entry as it relates to Counts 1-4. We further vacate appellant's sentences on counts 5 and 6. The record indicates appellant pled no contest to these charges as felonies of the fifth degree. However, the May 26, 2000 Judgment Entry sentences appellant on counts 5 and 6 as felonies of the fourth degree. Although we recognize the confusion inherent in the election procedure, the sentence must conform to the plea. If the trial court should choose to re-sentence appellant to a similar sentence, the trial court would be required to make the requisite findings under R.C. 2929.14(B), (C) and/or (E)(4). Finally, we vacate appellant's sentences on counts 7-12, and remand for re-sentencing. For the same reasons stated above, the trial court must make the findings required by R.C. 2929.14(B) and (E)(4). Further, because each of these counts were felonies of the fifth degree, the trial court must also make the requisite findings for imposition of maximum sentences pursuant to R.C. 2929.14(C). Appellant's third assignment of error is sustained. The two May 25, 2000 Sentencing Entries of the Richland County Court of Common Pleas are vacated.
This matter is remanded to the trial court for resentencing consistent with law and this opinion.
 _______________ Hoffman, P.J.
Wise, J. and Boggins, J. concur