OPINION
Appellant Michael Bailey appeals his conviction, in the Court of Common Pleas, Richland County, for felonious firearm violations. The relevant facts leading to this appeal are as follows.
On the night of December 23, 1999, appellant left an impromptu alcohol and marihuana party at the residence of Brandon Hignite in Richland County, along with Jeffrey Salser, Jason Wright, and Ryan Gieseman. Although versions of the events varied at trial, either Salser or appellant showed off a pistol before the party broke up. Upon leaving, Wright drove his Ford Thunderbird, with the other three young men as passengers. They first drove to Gieseman's house and dropped him off. Wright then drove Salser and appellant to a local mall so that Salser could briefly visit with his girlfriend, an employee of one of the mall's stores. The three men then rode around for a time in various rural areas.
Some time earlier, Salser had obtained several pounds of marihuana, and had "fronted" some of the drug, i.e., sold it with payment to be received at a later time. Among his purported customers were Cory Stitzel, Dale Kern and Wes Remy. According to Salser, while he, appellant, and Wright were riding around, appellant suggested that they shoot some rounds from the pistol. At some point, the idea surfaced to shoot at the houses of Salser's non-paying customers. During the night, the homes of Stitzel, Kern and Remy were struck by bullets. At Stitzel's residence, for example, Mike and Rhonda Weber had just put their young grandchild to bed when a bullet smashed through the front window and lodged itself in the ceiling.
On March 9, 2000, the Richland County Grand Jury indicted appellant of three counts of aiding and abetting the improper discharge of a firearm at or into a habitation, with each of the three counts including a firearm specification and a specification for discharging a firearm from a motor vehicle, in violation of R.C. 2923.161(A). Appellant requested a jury trial. After a three-day trial, the jury found appellant guilty on all counts and specifications, except for a not guilty finding on one of the three specifications of discharging a firearm from a motor vehicle. On May 8, 2000, appellant was sentenced to three years for each of the three counts, to be served consecutively, and five years for the various specifications, for a total of fourteen years.
Appellant filed a notice of appeal on June 7, 2000, and herein raises the following three Assignments of Error:
 I. THE PROSECUTING ATTORNEY'S REMARKS DURING CLOSING ARGUMENT CONSTITUTED PROSECUTORIAL MISCONDUCT AND DEPRIVED APPELLANT OF A FAIR TRIAL AS GUARANTEED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 II. THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THERE WAS NO SUBSTANTIAL EVIDENCE UPON WHICH A TRIER OF FACT COULD REASONABLY CONCLUDE THAT THE ELEMENTS OF THE OFFENSES HAD BEEN PROVEN UPON (SIC) A REASONABLE DOUBT.
 III. APPELLANT WAS DENIED COMPETENT REPRESENTATION IN VIOLATION OF THE SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS COUNSEL FAILED TO OBJECT TO THE PROSECUTOR'S STATEMENT IN CLOSING ARGUMENT.
 I
In his First Assignment of Error, appellant claims the prosecutor committed misconduct in his closing arguments. We disagree. Appellant concedes that his trial counsel failed to object to the cited prosecutorial commentary. However, since the decision of trial counsel not to object forms the basis of appellant's Third Assignment of Error, we are compelled to address this issue presently.
The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused.State v. Lott (1990), 51 Ohio St.3d 160. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. Darden v. Wainwright (1986),477 U.S. 168. Where an appellant asserts prosecutorial misconduct, he must show that the alleged misconduct deprived him of a fair trial. Statev. Hawkins (1993), 66 Ohio St.3d 339, 348; State v. Apanovitch (1987),33 Ohio St.3d 19, 24.
Appellant asserts that the prosecutor committed misconduct in stating the following during closing arguments:
 The thing to remember, though, despite these inconsistencies, is that Jeff Salser and Michael Bailey both fired at these residences. Both of them shot the gun. And there has been no evidence to dispute the fact that Michael Bailey fired at at least two of the residences, two of the houses in question. * * *
Tr. of Closing Arguments and Jury Charge at 7.
Appellant correctly posits that it is impermissible for the state to comment on a criminal defendant's failure to testify on his own behalf. See Griffin v. California (1965), 380 U.S. 609; State v. Ferguson
(1983), 5 Ohio St.3d 160.
However, the Ohio Supreme Court in Ferguson stated that "[a] reference by the prosecutor in closing argument to uncontradicted evidence is not a comment on the accused's failure to testify, where the comment is directed to the strength of the state's evidence and not to the silence of the accused, and the jury is instructed not to consider the accused's failure to testify for any purpose." Id. at 162.
Thus, in context of the entire record, we are unpersuaded by appellant's arguments. The prosecutor's comments were consistent with the record of the testimony and are directed to the strength of the case. See, also, State v. Ginley (Sept. 27, 2000), Lorain App. No. 99CA007423, unreported. Furthermore, the trial judge rendered the following as part of his instructions to the jury:
 In this case, Mr. Bailey himself did not testify. Every person accused of a crime has an absolute constitutional right not to testify. So his decision to not testify must not be considered by you for any purpose as it is not necessary that he take the stand.
Tr. of Closing Arguments and Jury Charge at 30.
A jury is presumed to follow instructions given it by the court. Statev. Henderson (1988), 39 Ohio St.3d 24; State v. Foltz (June 28, 1999), Fairfield App. No. 98CA58, unreported. We do not find the existence of prosecutorial misconduct under the facts and circumstances of the case subjudice. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant challenges the decision of the trial court on the basis of the sufficiency and manifest weight of the evidence.
 Standards of Review
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court described the difference between sufficiency and weight of the evidence. Sufficiency refers to the legal standard which the court applies to determine whether the evidence is legally sufficient to submit the matter to a jury. Weight of the evidence, on the other hand, refers to the standard with which the trier of fact determines where the greater amount of credible evidence lies on one side of an issue rather than the other. In determining issues concerning the weight of the evidence, the reviewing court must consider the entire record to determine whether the jury clearly lost its way and created such a manifest miscarriage of justice the conviction must be reversed. Thompkins at 387, citing Statev. Martin (1983), 20 Ohio App.3d 172.
In considering the sufficiency of the evidence, our standard is as follows:
 * * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, 273.
We will address appellant's arguments in light of the above standards.
The relevant statutory definition of improperly discharging a firearm at or into a habitation or school, per R.C. 2923.161(A), is as follows:
 (A) No person, without privilege to do so, shall knowingly do either of the following:
 (1) Discharge a firearm at or into an occupied structure that is a permanent or temporary habitation of any individual;
 (2) Discharge a firearm at, in, or into a school safety zone.
There is no genuine dispute that the homes struck by the bullets were functioning as "habitations" under the statute. Instead, appellant argues that the weapon used was never recovered, and that fingerprint analyses of the various shell casings found at the residences were inconclusive. He further argues that the individuals present at the Stitzel and Remy homes did not observe the actual person or persons shooting, and that the residents of the Kern house were not home at the time of the shooting. However, the record reflects that Salser testified appellant fired shots at the Stitzel residence. Tr. at 161-162. Jason Wright further testified that appellant fired at both the Kern and Remy residence. Tr. at 435-437. Salser further named appellant as the originator of the idea to fire at the houses, and appellant suggested that Salser take some of the shots at the Kern house, even though Wright's version varied somewhat on these points. An aider and abettor is defined as "[o]ne who assists another in the accomplishment of a common design or purpose;" he must be aware of, and consent, to such design or purpose. Black's Law Dictionary (6 Ed. 1990) 68. Viewing the evidence in the light most favorable to the prosecution, we are compelled to hold that appellant's involvement in the events of December 23 and 24, 1999, could lead a reasonable trier of fact to conclude that appellant aided and abetted the unlawful use of the firearm as charged.
Appellant also challenges the weight of the testimony of Salser and Wright, noting that on the night in question, Salser admittedly had been drinking beer, smoking marihuana, and taking LSD. It is also clear that Salser testified as part of a plea bargain in which he received an apparently reduced five-year sentence. Wright, the other key witness for the state, also testified that he was intoxicated on the night in question, and in fact was arrested for DUI later that night. Tr. at 467. However, we note that the trial judge instructed the jury to "weigh with great caution" the testimony of any person found to be an accomplice. Tr. of Closing Arguments and Jury Charge at 29-30. Moreover, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230 A full review of the record and transcript does not reveal the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Thompkins, supra.[1] The decision of the trial court was not against the manifest weight of the evidence.
Appellant's Second Assignment of Error is overruled.
 III
Appellant's Third Assignment of Error raises the issue of ineffective assistance of trial counsel, in regard to counsel's decision not to object to alleged improper prosecutorial commentary. Our standard of review is set forth in Strickland v. Washington (1984), 466 U.S. 668. Ohio adopted this standard in the case of State v. Bradley (1989),42 Ohio St.3d 136. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
First, we must determine whether counsel's assistance was ineffective; whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the proceeding is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id.
Based upon our holding in appellant's First Assignment of Error, we find appellant's contention without merit.
Appellant's Third Assignment of Error is overruled.
For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Richland County, is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
 ________ Wise, J.
Boggins, J., concurs, Hoffman, P.J., concurs separately.
[1] Appellant herein has attempted to supplement the record with written statements produced by Jeffrey Salser in November 2000, several months after appellant's conviction. However, as these documents are not part of the trial record, we do not consider them for purposes of this appeal. See State v. Ishmail (1978), 54 Ohio St.2d 4.